Banks, J.
This is a petition to establish the defendants’ draft report which was disallowed by the trial justice. The plaintiff instituted this action in contract to recover the balances of principal and interest due on two promissory notes executed by the corporate defendants and guaranteed by defendant Ralph Cerundolo. The defendants answered, inter alia, that the plaintiff had breached its agreement by charging the defendants interest in excess of the maximum twelve (12%) percent rate agreed upon, and counterclaimed for the recovery of interest amounts overpaid. On March 8,1989, the trial courtfiled a written decision incorporating a finding for the plaintiff on Counts I and II of the complaint for the sum of the interest due on the notes after April 30,1981 calculated at the prime rate plus 1%; and for the defendants on their counterclaim for the amount of interest in excess of 12% paid from the date of execution of the notes to April 30,1981.
The defendants thereafter filed a timely request for a report and draft report. On May 3,1989, the trial court formally declined to take any action on this draft report on the grounds that: 1) no effective, final judgment had been entered in the case; 2) the defendants had failed to file requests for rulings of law to preserve issues for appellate review; 3) the defendants’ draft report was inaccurate and incomplete; and 4) the defendants improperly challenged the ourt’s application of its legal rulings to the facts in the case.
Judgment was entered on June 7,1989. On June 19,1989, the defendants again filed a request for a report and draft report On August 31,1989, the trial court disallowed the defendants’ draft report on the grounds that the draft was argumentative, did not contain all relevant evidence and did not comply with the court’s May 3, 1989 interim decision on the defendants’ first draft report. The defendants thereafter filed the petition to establish now at issue.
1. We note at the outset that judgment was properly entered in the trial court pursuant to Dist./Mun. Cts. R. Civ. P., Rules 58(a) and 79(a) on June 7, 1980, Levy v. Bendetson, 6 Mass.App.Ct. 558, 561 (1961), and that both the defendants’ post-judgment draft report and subsequent petition to establish were timely filed. Dist./ Mun. Cts. R Civ. P., Rule 64(c) (1).
The defendants’ draft report also presents issues relative to the law of damages which are appropriate for appellate consideration. Compare, e.g., Onessimo v. Carvelli, 1983 Mass.App.Div. 56, 57. The absence of requests for rulings of law in *86 this case does not preclude appellate review. Generally, issues of law are preserved for appellate review by the filing of Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings and, as the trial justice correctly noted, the failure to submit such requests ordinarily constitutes aforfeiture of the right of appeal to this Division. The reason is that appellate review is confined to issues of law and where there is a general finding, without requests for rulings, fact and law are inextricably interwoven. Muir Bros. Co. v. Sawyer Construc. Co., 328 Mass. 413, 415 (1952). More than an undifferentiated general finding was, however, made in this case. The trial justice voluntarily issued an extensive written decision which clearly delineated his findings of fact and conclusions of law. When “the thought process which led to his decision is fully articulated [emphasis supplied],” a trial judge’s written statement of findings of fact and conclusions oflawmayrenderrequestsfor rulings superfluous. MacKenzie v. Auto Supermart, Inc., 1986 Mass.App.Div. 165, quoting from Lynn v. Nashawaty, 12 Mass.App.Ct. 310, 315 (1981). But see Lavalle v. Zimmerman, 1987 Mass.App.Div. 122, 123-124.
2. The trial court’s written decision of March 8,1989 also set forth a summary of relevant evidence adduced at trial. In an effort to comply with the court’s May3,1989 interim decision on their first draft report, the defendants incorporated, verbatim, salient sections of the trial court’s statement of the evidence into the draft report at issue. Judicial findings which are prefaced by a separate statement of trial evidence may serve as, or supplement, the requisite evidentiary summary in a draft report. Olofson v. Kilgallon, 312 Mass. 803, 805 (1973). But see Concord Oil Co. v. Palmer, 1984 Mass.App.Div. 121, 122; Menotomy Realty Corp. v. French, 55 Mass.App.Dec. 21, 30-31 (1974). We note also that the trial court’s March 8,1989 written decision is appended in its entirety to the defendants’ proposed report, as are the pleadings and the court’s May 3,1989 interim draft report decision which itemizes statements of evidence omitted from the defendants’ initial, prejudgment draft report
The draft report considered with its attachments thus appears to constitute an adequate presentation of material evidence necessary for a valid and comprehensive review by this Division of the issues raised by the defendants. Vernon A. Martin, Inc. v. Glidden, 1980 Mass.App.Div. 120, 121; Lechiara v. Amato, 1980 Mass.App.Div. 117, 118. The draft report states that it “contains all the evidence material to the questions reported,” Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 259 (1976), and the plaintiff has not identified any inaccuracies or critical omissions by way of objection to the draft report. The accuracy and comprehensiveness of the contents of both the petition to establish and the draft report are also properly verified by the unequivocal attestation of counsel. Dist./Mun. Cts. R. Civ. P., Rule 64(e). See also, Cook v. Kozlowski, 351 Mass. 708 (1967); Davis v. Commercial Union Ins. Co., 1984 Mass.App.Div. 237, 239.
The draft report which the defendants now petition this Division to establish is surely not, in substance or form, a paradigm of the report envisioned by Rule 64 or outlined in Form 33 of the Dist./Mun. Cts. R. Civ. P. We do not, however, find it improperly distorted, argumentative or so slanted in the defendants’ favor that it serves more as a brief or vehicle for supplemental argument than as a trial court record. Compare Murphy v. Hamed, 1985 Mass.App.Div. 30, 31; Theurer, Inc v. Eaton-Turner, Inc., 1983 Mass.App.Div. 115, 116. The tenor of the draft report neither obscures the issues of law presented for appellate review, nor misrepresents the evidence necessary for a resolution of such issues.
4. Accordingly, the defendants’ petition is allowed. The defendants’ draft report, with attached copies of the pleadings, June 7,1989 trial court decision and May 3, 1989 trial court decision, is hereby established. This case is remanded to the trial court for the parties’ submission of report copies and written briefs pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(f).