Dougan, J.
This complaint by Fred L. Williams alleges an injury, a fractured elbow, resulting from a fall on snow or ice on an outside stairway of a parking garage on the premises owned by defendant John Hancock Mutual Life Insurance Company and controlled and maintained by defendant Kinney System of Boston, Inc. A stipulation of dismissal was filed in the Superior Court as to defendant John Hancock and the case proceeded against defendant Kinney System.
After exchange of discovery, including both parties’ answers to interrogatories, response to request for production of documents, deposition of plaintiff and deposition of a shift manager for defendant, the defendant moved for summary judgment on the grounds that the plaintiff’s accident, which occurred during a snowstorm, was caused by a natural accumulation of snow for which the defendant was not responsible. After hearing, the motion was allowed and summary judgment for defendant was entered.
The materials in support of and in opposition to the motion disclose the following:
In answer to interrogatories and in deposition testimony the plaintiff says that approximately 6:45 AM on March 6,1990 he was descending the first tier of stairs on the outside stairway leading from the John Hancock garage to the John Hancock building ground level plaza when he fell on the fifth step of that first tier. The plaintiff was on his way to perform snow removal for Aetna Window Cleaning at the John Hancock building at the time of the accident. The stairway was uncovered and snow was falling directly onto the stairway from the sky and it appeared evenly distributed on the stairs. There were a number of footprints in the snow but Williams could not say how many footprints were present. Williams’ affidavit in response to defendant’s motion for summary judgment asserted that he had slipped on compressed footprints in the snow. Williams says that he went to John Hancock Security Personnel and reported his injury immediately.
Weather records at Logan Airport and a John Hancock Security Incident Report indicated snowfall had begun between thirty minutes to forty-five minutes before the approximate time plaintiff fell.
The Kinney System shift supervisor, who was on duty at the time of accident according to defendant”s records, testified at a deposition that he had no knowledge or notice of the accident at the time and that his first knowledge came when the claim was presented long thereafter. He further testified he had no specific recollection as to his actions or employees’ actions on the day in question, but that he generally took great care to apprise himself of weather conditions and kept a radio on and even watched television to be aware of impending snow storms. He testified he would have started snow removal operations as soon as snowfall began in accordance with his usual procedure.
We conclude that the motion judge erred in granting the defendant’s motion for *224 summary judgment. The allowance of a motion for summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the party or the opposition party is entitled to judgment as a matter of law. Dist./Mun. Cts. R Civ. P., Rule 56 (c). The burden is on the party moving for summary judgment to demonstrate affirmatively that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14 (1989). Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits. See 10 C.A. WEIGHT AND A.R MILLER FEDERAL PRACTICE AND PROCEDURE, §2728 at 186.
We conclude that the plaintiff has met his burden and demonstrated that there are genuine issues of material fact and that it was error to allow the motion for summary judgment. The defendant’s answers to interrogatories, deposition testimony and affidavit put in issue the following facts which must be determined at trial:
1. The amount and condition of the snow, if any, on the stairway and whether or not if there was snow on the stairway it had been altered from it’s natural condition;
2. Whether or not the plaintiff slipped and fell upon footprints in the snow;
3. What the defendant’s duty was, if any, relative to snowfall at the time of the alleged accident and whether the defendant met whatever duty it may have had.
These questions constitute genuine issues of material facts precluding the granting of defendant’s motion for summary judgment. In a negligence action which presents contested facts summary judgment seldom lies.
The duty of the motion judge is not to conduct “trial by affidavits” or other supporting material. Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 229 (1982). Even if the motion judge perceived some conflict between the plaintiffs affidavits in opposition to the motion for summary judgment and other materials submitted by plaintiff, or in a deposition of the plaintiff, the motion must be denied. Junkins v. Slender Woman, Inc., 7 Mass. App. Ct. 878 (1979), and cases cited therein.
In this case it may be unlikely that the plaintiff will prevail but that will be decided after contested facts are determined at a trial if the plaintiff wishes to press his case. The judgment for the defendant is vacated and the case is remanded for trial.
So ordered.