LOUIS J. SCOTTI *vs.* ARROW ELECTRONICS, INC., & another.[1] No. 93-P-1133. November 28, 1994. *Anti-Discrimination Law*, Age, Employee, Burden of proof. *Employment*, Discrimination. *Contract*, Employment, Interference with contractual relations.

At the age of fifty-two, the plaintiff, Louis J. Scotti, was discharged from his employment as a salesman for the defendant, Arrow Electronics, Inc. (Arrow), a corporation engaged in the business of distributing electronic and computer systems. He had worked for Arrow for eight years. Scotti's immediate supervisor, John Barry, gave him warnings about his sales performance in September and October of 1990 and discharged him on January 2, 1991, at a meeting attended by Barry, Scotti, and Barry's supervisor, Vincent Vellucci. Scotti brought this action in Superior Court against Arrow and Vellucci alleging, against Arrow, discrimination on the basis of age in violation of G. L. c. 151B, § 4, and, against Vellucci, malicious interference with Scotti's employment contract. Both defendants moved for summary judgment. The motion judge had before her, in addition to the pleadings, the depositions of Scotti, Barry, and Vellucci, affidavits from Scotti and one Anthony J. Fauci, and the parties' answers to interrogatories. Scotti appeals from the judge's allowance of both defendants' motions for summary judgment. We think Scotti is entitled to a trial on his age discrimination claim.

1. *The age discrimination claim.* The legal principles applicable and the three-step process required in such cases are well established. See *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130, 138-139 (1976); *Northeast Metropolitan Regional Vocational Sch. Dist. Sch. Comm.* v. *Massachusetts Commn. Against Discrimination*, 31 Mass. App. Ct. 84, 86 (1991). We proceed to that process, viewing the facts in their light most favorable to Scotti.

Scotti satisfied his initial burden of establishing a prima facie case of unlawful age discrimination. It is conceded that he made an adequate showing that he was discharged while he was over the age of forty and that he was replaced by a younger person. See G. L. c. 151B, § 1(8). For the reasons we explicate later in this opinion, the facts adduced by the parties on whether Scotti "was discharging the responsibilities of the job capably," *Johansen* v. *NCR Comten, Inc.*, 30 Mass. App. Ct. 294, 296 n.3 (1991), were just enough in conflict so as to place the question before a trier of fact. Although his sales were below expectation and deteriorating at the time of his discharge, other younger salesmen with poorer records of sales at the same time were neither warned nor fired.

---

[1] Vincent Vellucci.

Arrow, in turn, satisfied its burden of establishing that it had a legitimate, nondiscriminatory reason for discharging Scotti. By several objective criteria, Scotti's sales performance, at least no later than the third quarter of 1990, was poor and progressively declining. This was the case whether his performance was measured by a projected sales plan, a "book to bill" ratio, or the relative performance of other salesmen. Although Scotti offered explanations for the decline in his sales, he admitted that they were poor during the period in issue, that they were deteriorating, and that the matter was an appropriate one for concern by management. Moreover, Scotti offered his superiors no plan for improvement. It was plausible for a company whose sole business was selling products to consider the level of an employee's sales in determining whether to retain him as an employee.

Scotti, then, had the burden of proving that discrimination on the basis of his age, and not the plausible explanation given by Arrow, was the real reason for his discharge. See *Brunner* v. *Stone & Webster Engr. Corp.*, 413 Mass. 698, 700 (1992); *Gregory* v. *Raytheon Serv. Co.*, 27 Mass. App. Ct. 1170, 1172 (1989).

We agree with the motion judge that much of the evidence cited by Scotti to support his claim of age discrimination would not be sufficient to overcome Arrow's motion for summary judgment. Scotti's perception notwithstanding, there was no showing of a general pattern of age bias at Arrow; the statistical evidence is to the contrary. No statements or actions indicative of age bias, other than possibly Scotti's termination itself, have been attributed to Barry, who assumed responsibility for the decision to warn, and then to fire, Scotti. Scotti points to a comment by Vellucci at a sales meeting asking if Scotti could stay awake and another, when Vellucci wished him a happy birthday, as suggestive of impermissible bias. Such stray comments not directly referring to age, however, are not by themselves sufficient to prove age discrimination in the face of countervailing evidence showing a legitimate business purpose. Cf. *Johansen* v. *NCR Comten, Inc.*, 30 Mass. App. Ct. at 299-302. Scotti relies most heavily on the affidavit from Fauci, another former Arrow employee; that affidavit, however, also is not conclusive, as there were some differences in the circumstances of the two cases.

There is, however, at least a "toehold" in the materials relied on by Scotti to warrant his age discrimination claim going to trial. *Marr Equip. Corp.* v. *I.T.O. Corp.*, 14 Mass. App. Ct. 231, 235 (1982). Scotti performed first out of fourteen salesmen in his group for the second quarter of 1990. Although his sales fell off during the next quarter, two others, who were younger, had worse performance records and were neither warned nor discharged. It is reasonably inferable that the decision to fire Scotti was made as early as the time of the first warning on September 28, 1990. According to Scotti's affidavit, he was told on that occasion that he should start to look for another job. In the fourth quarter, Scotti's sales performance ranked him tenth out of fourteen. There was at least one much

younger salesman whose performance in the second, third and fourth quarters was worse than Scotti's, and no disciplinary action was taken against that employee. There is a suggestion by Arrow that, considering Scotti's lackadaisical attitude and the history of his particular accounts, his was the only performance meriting disciplinary action. Scotti, however, offers a number of explanations for the deterioration in his sales, and Arrow's suggestion, therefore, would only raise an issue for the trier of fact. There is enough here, we think, to put Scotti over the rail and enable him to place the conflicting facts before a trier of fact. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 712-714 (1991).

2. *Intentional interference with Scotti's employment contract.* Because the evidence was insufficient to show that Vellucci played a significant role in the decision to discharge Scotti, summary judgment was properly granted in favor of Vellucci on the claim of intentional interference with Scotti's employment.

Accordingly, we affirm the judgment for Vellucci on count II. We reverse the judgment for Arrow on count I and remand that matter for trial.

*So ordered.*

*Paul A. Manoff* for the plaintiff.
*Natasha C. Lisman* (*William L. Boesch* with her) for the defendants.