Sherman, PJ.
This is an action in tort to recover for the defendant’s alleged negligence in failing to remove an accumulation of snow and ice upon which the plaintiff slipped and fell as he was exiting the defendant’s premises. The trial court allowed the defendant’s motion for summary judgment, and the plaintiff has appealed pursuant to Dist/Mun. Cts. RADA, Rule 8A
The following facts are undisputed. On March 3,1993, the plaintiff attended a wedding reception at the defendant country club in Nahant, Massachusetts. Due to an impending snow storm, the defendant rescheduled the reception from 4:15 P.M. to 1:30 P.M. Approximately one hour before the commencement of the reception, the defendant’s door man began to clear snow from both the platform just outside the main entrance doors of the country club and the steps descending from the platform. He continued to do so thereafter on roughly an hourly basis.
As the afternoon progressed, the blizzard intensified. The heavy snowfall increased, visibility was poor and gusting winds deposited large amounts of snow at or near the country club entrance. Due to worsening conditions, the reception was halted at 5:00 P.M and the guests were asked to leave the building. As the plaintiff exited the building, the snow accumulation was more than “ankle deep” and the stairs were barely discernible under the snow. The plaintiff slipped and fell as he descended from the platform down the right hand side of the stairway, sustaining neck injuries and an aggravation of a pre-existing back injury.
The defendant filed a Mass. R. Civ. R, Rule 56 motion for summary judgment on the grounds that, as a matter of law, it could not be held liable in negligence for a natural accumulation of snow and ice on the stairway which resulted solely from *198 the high winds and drifting snow of an ongoing blizzard. In opposition to the defendant’s motion, the plaintiff asserted that he slipped on an unnatural accumulation of snow and ice created by the defendant’s employee. Both in answers to interrogatories propounded by the defendant and in his Rule 56 opposing affidavit, the plaintiff stated:
As I was exiting, I was on the top, to the right of the stairway. To my left, there was a man pushing the snow down on the steps with a push broom ... The platform, where I was, had been swept and as I stepped down the steps, which were barely discernible due to the accumulation of snow, I slipped and fell before I was able to grasp the railing. I believe that the man sweeping the platform had swept the snow onto the steps on my side, because that was what he was doing while sweeping the rest of the platform or immediate entrance to the building.
Additional affidavits from two wedding guests who were at the exit when the plaintiff fell substantiated his claim that the person clearing the exit area was sweeping the snow from the platform onto the steps. They further averred that it appeared that the steps “had not been swept at all" because they were so “fully covered with snow,” which rendered it necessary “to place [one’s] foot into the snow to feel for each of the steps on the way down.”
1. The inadequate and inappropriate content of the Dist./Mun. Cts. RADA, Rule 8A Expedited Appeal filed by the plaintiff herein requires preliminary comment.
As mandated by Rule 8A(a), the essential components of an Expedited Appeal include:
(4) a summary of the undisputed facts and so much of the evidence including copies of pleadings and other documents, as may be necessary to decide the questions of law presented;...
The Expedited Appeal serves as the trial court record in a Rule 8A appeal, and copies of all relevant documents must be physically attached to, or included in, the Expedited Appeal document. Rules 8A does not provide for, or permit, a transcript of the evidence, a record appendix, or appendices to the parties’ briefs. Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70-71. In the instant case, neither the parties’ answers to interrogatories, the plaintiffs affidavits, nor even the defendant’s summary judgment motion itself, are included in the plaintiff’s Expedited Appeal. These documents are instead improperly attached as addenda to both parties’ briefs.
Second, the plaintiff’s five-page Expedited Appeal contains three full pages devoted to argument complete with citation of case authority and allegations and analysis of trial court error. It is the appellanf s responsibility in the first instance to prepare an Expedited Appeal that is not only an accurate and complete, but also an objective, trial court record. Id. A trial court record is not a brief or a vehicle for supplemental argument by the appellant. See Security Nat’l Bank v. Recreational Dimensions, Inc., 1990 Mass. App. Div. 85, 86; Rice v. Yeghiayan, 1985 Mass. App. Div. 226.
In the final analysis, it is incumbent upon both parties, appellant and appellee, to insure that the Expedited Appeal presented to this Division is a concise summary of trial court evidence and proceedings containing all matters necessary for the review and determination of the issues raised on appeal. Taupa Lithuanian Fed. Credit Union v. Bajercius, 1997 Mass. App. Div. 31 n. 1 (1997). In the instant case, the defendant should have filed written objections to the plaintiff’s Expedited Appeal within ten days of its filing as provided for in Rule 8A(b). As the defendant *199 did not do so, and as the limited number of relevant documents required for effective review are attached to the briefs, we have elected to proceed with the merits of this appeal. We reiterate, however, that such flawed efforts to comply with the relatively simple, straightforward requirements of Rule 8A may result in the imposition of appropriate sanctions in a future case. Scalia v. Liberty Mut. Ins. Co., supra at 71.
2. The initial question posed by the allowance of the defendant’s summary judgment motion is whether the defendant could be held liable in negligence for failing to remove an accumulation of snow and ice on a stairway. The defendant was obligated to maintain its business premises in a reasonably safe condition. Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592 (1994); Mounsey v. Ellard, 363 Mass. 693, 708 (1973). As a general rule, the duly of reasonable care does not obligate an owner or occupier of land to remove a natural accumulation of snow and ice. Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 367 (1997); Gamere v. 236 Commonwealth Ave. Condominium, 19 Mass. App. Ct. 359, 362 (1985).
Under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and ... the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all... ‘It is common knowledge that in this climate... a number of conditions might exist which within a very short time could cause the formation of ice ... without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence’ [citations omitted].
Aylward v. McCloskey, 412 Mass. 77, 79, 80-81 (1992).
The plaintiff could recover on his negligence claim, therefore, only by establishing that his fall was proximately caused by an unnatural accumulation of snow and ice on the country club premises. Sullivan v. Brookline, 416 Mass. 825, 827 (1994). “[I]n circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist, creating liability in the owner or occupier." Aylward v. McCloskey, supra at 80, n. 3. See Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 503 (1972); Phipps v. Aptucxet Post #5988 V.F.W. Bldg. Ass’n, 7 Mass. App. Ct. 928, 929 (1979).
3. Thus the dispositive issue herein is whether the plaintiff has advanced specific facts sufficient to demonstrate a question of material fact requiring a trial on the merits as to whether the accumulated snow on the stairway had been altered from its natural condition. See Williams v. Kinney System of Boston, Inc., 1993 Mass. App. Div. 223, 224. Viewing the Rule 56 materials presented by the parties in the light most favorable to the plaintiff as the opposing party, Ulwick v. DeChristopher, 411 Mass. 401, 402 (1991); Monks v. Zoning Board of Appeals of Plymouth, 37 Mass. App. Ct. 685, 686 n.3 (1994), and resolving any doubt as to the existence of a genuine issue of material fact against the moving party, Attorney General v. Bailey, 386 Mass. 367, 371 (1982); Weber v. Cenedella, 1991 Mass. App. Div. 78, 80, we conclude that the plaintiff has established at least the proverbial “toehold” required to avoid summary judgment. Scotti v. Arrow Elecs., Inc., 37 Mass. App. Ct. 954, 955 (1994); Marr Equip. Corp. v. I.T.O. Corp., New England, 14 Mass. App. Ct. 231, 235 (1982). A reasonable inference may be drawn from the facts set forth in the answers to interrogatories and affidavits that the plaintiff’s fall was caused by an unnatural accumulation of snow which the defendant’s employee negligently created by sweeping all of the snow from the platform onto the steps as the reception *200 guests were exiting the premises.[2] The persuasiveness of the defendant’s contrary conclusion, that any snow disturbed by its employee was negligible and did nor alter the natural state of the heavy snowfall deposited by the gusting winds of the ongoing blizzard, did not entitle the defendant to the allowance of its Rule 56 motion. Summary judgment cannot be granted merely because of an apparent likelihood that the moving party will prevail at a trial on the merits. Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 113 (1990); Williams v. Kinney System of Boston, Inc., supra at 224.
Accordingly, the allowance of the defendant’s summary judgment motion is reversed, judgment for the defendant is vacated, and this case is returned to the Malden Division for a trial on the merits.
So ordered.

 It is unnecessary to consider at length the plaintiff’s additional argument that the defendant’s alleged violation of the State Building Code was evidence of negligence sufficient to defeat summary judgment herein. Section 805.2 of 780 CMR obligates an owner to keep “all exterior stairways ... free of snow & ice.” While a violation of a safety statute, ordinance or regulation may constitute some evidence of negligence, it is not conclusive of the issue of civil liability. Perry v. Medeiros, 369 Mass. 836, 841 (1976). Nor does a safety statute “establish a new civil cause of action without express terms or clear legislative intent to that effect.” St. Germain v. Pendergast, 411 Mass. 615, 620 (1992). The State Building Code did not alter common law principles that there is no liability in negligence for a landowner’s failure to remove a natural accumulation. Nor is the Code relevant in determining whether the snow and ice at issue herein was a natural or unnatural accumulation.