Curtin, J.
This is a G.L.c. 84, §15 action to recover for personal injuries sustained by the plaintiff in a fall allegedly caused by a defect or lack of repair in a municipal sidewalk. Summary judgment was entered for the defendant, City of Newton (the “City”), and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The pleadings, affidavits, answers to interrogatories and other Mass. R. Civ. P., Rule 56, materials in the record before us indicate the following: On September 19, 1996, while walking on a sidewalk on Langley Road, a public way in Newton, the defendant tripped and fell face forward, fracturing her right wrist and sustaining multiple cuts and bruises to her hands, nose and face. By letters dated October 7 and October 11,1996, the plaintiff notified the City pursuant to G.L.c. 84, §18 that she had been injured due to a defect or lack of repair in the Langley Road sidewalk which, at the location of her injury, had an uneven surface caused by the difference in height of the cement sidewalk slabs and had chipped edges. The plaintiff commenced this action against the City on July 14,1998.
By way of affirmative defense, the City answered, inter alia, that the alleged defect was de minimis and not actionable under G.L.c. 84. On May 17, 1999, the City filed a motion for summary judgment on the same ground, supported by the affidavit of the City Engineer. The plaintiff properly objected to that affidavit which was not based on personal knowledge, Madsen v. Erwin, 395 Mass. 715, 721 (1985), and consisted almost exclusively of the hearsay statements, reports and opinions of an unidentified “designee.” Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995). On the day of the summary judgment hearing, the court permitted the City to file an affidavit by its Assistant Engineer, Joseph G. Cancellieri, who had examined the section of sidewalk where the plaintiff fell. Cancellieri averred that there was an “expansions joint” where the sidewalk slabs came together, and that the difference in height between the adjoining slabs measured from zero inches to one (1) inch. The City also submitted photographs of the sidewalk.
In opposition to the City’s Rule 56 motion, the plaintiff submitted an affidavit *28 indicating that the difference in height between the sidewalk slabs was one inch, that this difference in height extended for several feet along the slabs in the ordinary path of travel, that the edge of the slab was also “broken, uneven and jagged,” and that the defective sidewalk was located in a busy area of the City, next to a City-owned parking lot and across the street from a block of stores.
After hearing, the court allowed the City’s summary judgment motion on the stated ground that “the one inch difference between sidewalk slabs at an expansion joint cannot as a matter of law give rise to liability of the City.”
For G.L.c. 84, §15[1] purposes, a “defect” is “anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel.” Gallant v. Worcester, 383 Mass. 707, 711 (1981). See also Ram v. Charlton, 409 Mass. 481, 486 (1991); Minasian v. Somerville, 40 Mass. App. Ct. 25, 26 (1996). Generally, whether a particular condition constitutes a defect is an issue of fact for the trial court. Duffy v. Boston, 275 Mass. 13, 14 (1931); Trioli v. Sudbury, 15 Mass. App. Ct. 394, 397 (1983). “Where there is a difference in elevation between portions of a sidewalk ... and the material composing the dividing line is rough and jagged, it is a question of fact whether the condition is defective.” Howe v. Marlborough, 204 Mass. 26, 28 (1910).
In order to satisfy its Rule 56 burden of proving that no genuine issue of material fact exists in this case, Lindsay v. Romano, 427 Mass. 771, 773 (1998); TLT Construc. Corp. v. A. Anthony Tappe & Assoc., Inc., 48 Mass. App. Ct. 1, 11 (1999), the City relies on a line of G.L.c. 84, §15 cases which, “consistent with the purpose of limiting the liability of counties and towns under G.L.c. 84, [hold] that governmental entities should not be liable for slight or trivial imperfections in public ways which might be caused by weather conditions or traffic patterns.” Doherty v. Belmont, 396 Mass. 271, 275 (1985). The cases advanced by the City, however, are distinguishable from the case at bar. In Vellante v. Watertown, 300 Mass. 207 (1938), for example, a 3/4” height difference between granite sidewalk slabs was held too slight as a matter of law to be actionable. In this case, the height difference was one inch, and there was additional evidence indicating disrepair in the form of “broken, uneven and jagged” edges. In Galante v. Brockton, 305 Mass. 480 (1940), the trial court’s finding of fact that a two inch depression between a sidewalk slab and the outer edge of the curb did not constitute a defect was affirmed. But the defect therein occurred in the sidewalk curbing where a pedestrian would not be required to walk. The sidewalk condition in the instant case extended for several feet along the slabs in the ordinary path of travel. ‘The character of the way and the kind and amount of travel at the location of the alleged defect must be considered in the determination of whether it is an actionable one.” Becker v. Boston, 321 Mass. 230, 235 (1947).
More significantly, in Galante, as well as in another case relied upon by the City (Neiman v. Chelsea, 310 Mass. 831 (1942)), the determination that the condition in question was not actionable was made by a trial judge as a finding of fact. The court decided the present case on a motion for summary judgment, a procedure which not only precludes factual resolution, but requires that the court resolve all doubt as to even the existence of a material fact in the opposing party’s favor. Cor *29 rellas v. Viveiros, 410 Mass. 314, 316-317 (1991); Attorney General v. Bailey, 386 Mass. 367, 371 (1982). While the plaintiffs description of the size, nature and location of the purported defect perhaps constitutes less than an overwhelming case for recovery, particularly when considered in the light of the City Assistant Engineer’s report and the photographs of the sidewalk, a “toehold ... is enough to survive a motion for summary judgment.” Marr Equip. Corp. v. I.T.O. Corp., 14 Mass. App. Ct. 231, 235 (1982). See also Scotti v. Arrow Electronics, Inc., 37 Mass. App. Ct. 954, 955 (1994); Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 199. Summary judgment cannot be entered solely on the basis of the apparent likelihood that the moving party will prevail at a trial on the merits. Lindsay v. Romaro, supra at 773; Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 113 (1990); Foley v. Matulewicz, 17 Mass. App. Ct. 1004, 1005 (1984).
Accordingly, the court’s allowance of the City’s summary judgment motion is reversed, the judgment in favor of the City is vacated, and this case is returned to the Newton Division for trial.
So ordered.

 The statute provides, in relevant part: “If a person sustains bodily injury or damage in his property by reason of a defect or want of repair... in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair ..., might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may, if such county, city, town or person had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair..., recover damages therefor from such county, city, town or person....”