Coven, J.
This is a summary process action to recover unpaid rent and possession of residential premises. The defendant-tenants counterclaimed, inter alia, for the plaintiff-landlord’s breach of the warranty of habitability, breach of quiet enjoyment, retaliatory eviction and unfair and deceptive practices in violation of G.L.c. 93A. Judgment was entered for the plaintiff for unpaid rent and possession, for the tenants on their retaliation claim, and for the plaintiff on all remaining counterclaims. Both parties appealed pursuant to Dist/Mun. Cts. R. A. D. A., Rule 8C.
The record prepared by the plaintiff does not include a transcript of the trial. From the pleadings, the parties’ lease, inspection reports and the judge’s findings, the following facts emerge. Defendants Eric Begley, Jason Conroy and William Watkins (the ‘Tenants”) leased an apartment in Cambridge owned by plaintiff Stu-Lin Realty Trust (the “Landlord”) for a twelve month term beginning October 1, 1998 at a rent of $1,400.00 per month. From the day they moved in, there were significant problems with the apartment. The stove, for example, was not operational, and the Landlord did not connect it until October 6,1998. The Tenants contacted the Landlord about an infestation of mice and roaches, a hole in the ceiling and the Landlord’s incomplete renovations, which still required cleaning up sawdust, putting down rugs, securing loose socket plates, installing blinds etc. The ceiling was fixed in either late October or early November, but had to be repaired again in December due to a reoccurring leak in the pipes. The Landlord exterminated the building on October 15,1998, November 20,1998, December 17,1998 and January 17, 1999. The Tenants’ individual apartment, however, was not exterminated on November 20th and December 17th. The Landlord claimed that two unattended dogs in the apartment deterred the exterminator from entering, but did not communicate that fact at any time to the Tenants.
On December 7, 1998, the Inspectional Services Department of the City of Cambridge inspected the apartment on the basis of a complaint filed by the Tenants. The Inspector discovered numerous violations, including roach/mice infestation, a hole in the kitchen ceiling, defective floors in the kitchen and bathroom, no heat in one of the bedrooms, a leaking toilet, uncovered electrical units, and a thermostat that was glowing red and visibly melting on the wall. The Landlord was *281 served with the Inspection Report the same day. Four days later, on December 11, 1998, the Landlord served the Tenants with a Notice to Quit on the sole ground of failure to pay rent for November and December. No prior notice, verbal or written, concerning unpaid rent was ever sent to the Tenants. By letter dated December 16, 1998, the Tenants advised the Landlord that they were withholding rent until the myriad problems with the apartment were fixed. The defects and violations cited in the Inspection Report were not resolved until March, 1999, and then only after four additional inspections were made which revealed both a continuation of the earlier conditions and additional violations. The Tenants did not pay rent from November, 1998 through July, 1999.
The Landlord’s summary process complaint in this action was filed on February 1,1999. The trial was heard over three days. After an initial judgment on October 22, 1999 and a subsequent reconsideration, an amended judgment was entered on January 11, 2000. The Landlord filed a notice of appeal to this Division on the same date. On January 28, 2000, within twenty days of his notice of appeal, the Landlord filed a Dist./Mun. Cts. R. A. D. A., Rule 8A, expedited appeal. On February 2, 2000, the Tenants submitted a written opposition to the Landlord’s expedited appeal. On March 3, 2000, the Landlord filed an appeal under Rule 8C, but without a request for the tape of the proceedings.
As for the cross appeal, the Tenants filed a timely notice of appeal on January 25, 2000. They did not, however, file their Rule 8C designation of a method of appeal until March 8,2000.
1. The Landlord has appealed the trial court’s judgment for the Tenants on their counterclaim for retaliatory eviction. The trial judge ruled:
The landlord/plaintiff has not proved by clear and convincing evidence that the Notice to Quit was not in Retaliation. The Notice to Quit was served within one week of the Inspectional Services Report. No prior requests for the late rent had been made by the landlord, either written or verbal, prior to the Notice to Quit. This court is hard pressed to believe that the Notice to Quit was anything but Retaliation and assesses damages against the plaintiff in the amount of three months rent ($1400 x 3), $4,200.00 plus reasonable attorney’s fees and costs.
The Landlord argues that the judge erred in shifting the burden of proof to the Landlord to establish by “clear and convincing evidence” that his action to evict the Tenants was not in retaliation for their complaint to the City Inspectional Services about the numerous health and sanitary code violations on the premises.
The clear Legislative intent to protect tenants in this Commonwealth, who seek to enforce protected rights under health or housing laws, from reprisals by their landlords is codified in both G.L.c. 239, §2A and G.L.c. 186, §18. The first statute, G.L.c. 239, §2A, makes retaliatory eviction a defense in a summary process action. Section 2A applies, inter alia, when a tenant has taken any step
to obtain damages under or otherwise enforce, any federal, state or local law, regulation, by-law or ordinance, which has as its objective the regulation of residential premises... or reporting a violation or suspected violation of law as provided in section eighteen of chapter one hundred and eighty-six....
The statute mandates that a Landlord’s commencement of a summary process action, service of a notice to quit or significant alteration of the terms of the tenancy within six months of the tenant’s action
shall create a rebuttable presumption that such summary process action is a reprisal against the tenant for engaging in such activities. ...
*282 Such presumption may be rebutted only by clear and convincing evidence that such action was not a reprisal against the tenant and that the plaintiff had sufficient independent justification for taking such action, and would have in fact taken such action, in the same manner and at the same time the action was taken, even if the tenant had not commenced any legal action, made such report or engaged in such activity.
Although the Tenants in the instant case raised retaliatory eviction as a defense under G.L.c. 239, §2A, they did not appeal that portion of the trial court’s judgment which awarded possession to the Landlord.
At issue instead on this appeal is the court’s application of the second Massachusetts landlord reprisal statute, G.L.c. 186, §18. Unlike G.L.c. 239, §2A, which makes retaliatory eviction a defense, G.L.c. 186, §18 prescribes monetary penalties against a landlord for such reprisal, and entitles a tenant to file a claim or counterclaim for damages in the amount of not less than one, nor more than three, month’s rent, plus costs and reasonable attorney’s fees. Like G.L.c. 239, §2A, G.L.c. 186, §18 creates a “rebuttable presumption” that action by the landlord within six months of the tenant’s complaint or report was an unlawful reprisal, and mandates that such presumption can be overcome only by “clear and convincing” proof by the landlord that he had an independent and justifiable basis for his eviction or other actions.
A principal distinction between the two statutes, however, is that the rebuttable presumption created by G.L.c. 186, §18 does not arise if the tenancy is terminated, as in the instant case, for nonpayment of rent. Section 18 states, in relevant part:
The receipt of any notice of termination of tenancy, except for nonpayment of rent, or, of increase in rent, or, of any substantial alteration in the terms of the tenancy within six months after the tenant has ... made such report or complaint... shall create a rebuttable presumption that such notice or other action is a reprisal against the tenant for engaging in such activities, [emphasis supplied].
In the absence of the statutory presumption, a landlord does not bear the burden of proving by clear and convincing evidence that the eviction was not retaliatory.
In this case, the judge’s award to the Tenants of three months’ rent, costs and attorney’s fees for retaliatory eviction could only have been made pursuant to G.L.c. 186, §18. Because the Landlord’s notice to quit and summary process action were based on the Tenants’ nonpayment of rent, however, there was no §18 statutory presumption that the Landlord’s action constituted an unlawful reprisal against the Tenants. Thus the trial court applied an incorrect standard of proof in requiring the Landlord to advance clear and convincing evidence as to the legality of the eviction. The burden was instead on the Tenants to prove, by a preponderance of the credible evidence, that one of the Landlord’s principal motives for evicting them was their reporting of the numerous code violations on the premises. Scofield v. Berman & Sons, Inc., 393 Mass. 95, 114-115 (1984). While the trial judge’s findings of fact suggest that the Tenants introduced sufficient evidence to warrant a finding in their favor on this factual issue, a new trial is required for the assessment of the Tenants’ evidence on the basis of the applicable standard of proof.
2. The Tenants’ cross appeal charged the trial court with error in entering judgment for the Landlord on their counterclaims for breach of quiet enjoyment, breach of the warranty of habitability and G.L.c. 93A unfair and deceptive acts. As noted, the Tenants filed a timely notice of cross appeal on January 25,2000, within fourteen (14) days of the Landlord’s notice of appeal as mandated by Dist./Mun. Cts. R. A. D. A., Rule 4(a). The Landlord has filed a motion to dismiss the Tenants’ cross appeal on the ground that the Tenants thereafter failed to file a timely designation of a method of appeal. The Landlord’s motion is allowed.
*283 After filing their notice of cross appeal, the Tenants were obligated
to select one of the three alternative methods of appeal set forth in Rule 8A (Expedited Appeal), Rule 8B (Agreed Statement) and Rule 8C (Appeal on the Record of Proceedings), and then prepare the record and otherwise perfect the appeal within the time period prescribed in the selected rule.
Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77. See also Associated Chiropractic Serv., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 191 and cases cited. Having elected to proceed under Rule 8C, the Tenants were required to file a Rule 8C designation within thirty (30) days of their notice of cross appeal. That procedural deadline expired on February 25, 2000. The Tenants did not file their Rule 8C designation until March 3, 2000. Nor did they file a Rule 14(b) motion for an extension of time upon a showing of “good cause.” See Plavin v. Lutts, 2000 Mass. App. Div. 58, 59; Miller v. Kimmelman, 1997 Mass. App. Div. 135, 136. The “presumptive penalty for the serious misstep of failing to file a timely Rule 8C designation is dismissal of the appeal.” Georgantis v. Star Market Cos., supra at 78.
On this appeal, the Tenants argue that they notified both the Landlord and the trial court of their original intention to proceed under Rule 8B in a statement in their written opposition to the Landlord’s expedited appeal, and that their ultimate Rule 8C designation was delayed because they were waiting for the Landlord to respond to their Rule 8B overture. However, the Rule 8B method of appeal is based on an Agreed Statement of evidence and proceedings by both parties. The Tenants could not unilaterally either proceed on the basis of an Agreed Statement to which the Landlord was not a party, or extend the time for filing a Rule 8C designation while they attempted to have the Landlord join in a Rule 8B appeal. The Tenants’ misunderstanding of these procedural rules did not constitute “good cause” for a Rule 14(b) extension of time in this case. See Brown v. Quinn, 406 Mass. 641, 645 (1990); Mailer v. Mailer, 387 Mass. 401, 406 (1982).
3. The Plaintiff has also filed a Rule 8A(b) motion for sanctions for what he terms the Tenants’ “frivolous” and “bad faith” objection to his expedited appeal. See generally Kirby v. Miami Systems Corp., 1999 Mass. App. Div. 197, 198 n.4.
In choosing initially to proceed under Rule 8A, the Landlord assumed the burden of preparing an expedited appeal which constituted “an accurate, complete and objective trial court record.” Scalia v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 69, 70-71. See also Hendry v. Broadway Foods, Inc., 1998 Mass. App. Div. 37, 38 n.3; Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 198. The Tenants objected in writing to the Landlord’s expedited appeal on the proper grounds that it “presented the ‘undisputed facts’ in an argumentative, overbroad way ... [and] excluded certain facts and mischaracterized the facts that were included. ...” We have stated that an expedited appeal must constitute “not only an accurate and complete, but also an objective, trial court record. A trial court record is not a brief or a vehicle for supplemental argument by the appellant.” Id. at 198. In short, the Tenants’ objection was appropriate, and the Landlord’s motion for sanctions is denied.
4. The trial courts judgment for the Tenants on their counterclaim for retaliatory eviction is vacated, and the case is returned to the Cambridge Division for a new trial on that claim. The Tenants’ cross appeal is dismissed on procedural grounds and, accordingly, the remainder of the courts judgment for the Landlord is affirmed. No costs of this appeal are to be assessed under Dist./Mun. Cts. R A D. A, Rule 26.
So ordered.