Tochka, J.
This is a Dis./Mun. Cts. R. A. D. A., Rule 8C, appeal by plaintiff Valerie Moon-Floyd (“plaintiff’) of the allowance of summary judgment in favor of defendant Residential Management Company, Inc. (“defendant’). The complaint alleges an action in negligence to recover damages for injuries sustained when the plaintiff fell on property managed by the defendant.
*133 The origin of the parties’ dispute was an incident that took place on January 25, 2000. The undisputed facts, per the judge’s memorandum of decision on the allowance of the motion for summary judgment, were that: “when [the plaintiff] attempted to enter the building at 65 Franklin Street [in Boston] at 12:00 noon on January 25, 2000, it had been snowing for the entire morning. [The plaintiff] slipped, fell and injured herself as she attempted to open the side entrance door to the building. The area upon which [the plaintiff] fell was covered with snow and had not been shoveled.”
The plaintiff filed her complaint in the Central Division of the Boston Municipal Court on January 24, 2003. On April 4,2004 the defendant filed a motion for summary judgment. On May 5, 2004 both parties appeared before the court on the defendant’s motion for summary judgment. On May 28, 2004 the defendant’s motion was allowed and judgment of dismissal of the complaint was entered. The defendant filed this appeal on June 10,2004.
In general, summary judgment is inappropriate and rarely granted in negligence cases owing to the inherently fact-based issues in such cases. Wright v. Sabatino, 1995 Mass. App. Div. 48, citing Inferrera v. Sudbury, 31 Mass. App. Ct. 96, 103 (1991). The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Mass. R. Civ. R, Rule 56(c). It is well-settled that summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 909 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In reviewing the grant of summary judgment, the court must “resolve any conflicts in the summary judgment materials, and ...make all logically permissible inferences,” in the nonmoving party’s favor. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991).
In the instant case, the moving party on the motion for summary judgment did not have the burden of proof at trial. When, as here, a parly who moves for summary judgment is not the party who has the burden of proof at trial, the moving parly’s burden on the summary judgment motion “is not sustained by the mere filing of the summary judgment motion or by the filing of a motion together with a statement that the other party has produced no evidence that would prove a particular necessary element of this case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). See Celotex Corp. v. Catrett, 477 U.S. 317, 328 (1986) (White, J., concurring) (“But the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case”).
The defendant, in the instant case, moved for summary judgment on the ground that “the failure to remove a natural accumulation of snow and ice does not constitute a breach of a property owner’s duty of reasonable care.” Defendant-Appellee brief, Appendix C. Of course, it is well settled law that a landowner’s duty of reasonable care to those lawfully on their property “is not violated by the failure to remove a natural accumulation of snow and ice.” Sullivan v. Brookline, 416 Mass. 825, 827 (1994). Nevertheless the mere recitation of this rule of law does not entitle the *134 defendant to summary judgment. The defendant had the burden to affirmatively show the absence of any genuine issues of material fact. The defendant’s motion did not meet that burden. The defendant’s motion simply stated that a natural accumulation of snow caused the plaintiff’s fall, but the motion did not provide any materials in support of that position as required by Mass. R. Civ. E, Rule 56, nor did it provide such evidence to refute the complaint, pleadings and interrogatories that the fall was occasioned by an unnatural accumulation of snow. The defendant’s argument was simply a conclusory assertion. ‘“Such a burden of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment.’” Kourouvacilis at 715 citing Celotex Corp. v. Catrett, 477 U.S. at 331-332.
Even had the defendant met the burden required on the motion, thereby shifting the burden to the plaintiff, the plaintiff nevertheless established the existence of a genuine issue of material fact for trial. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1983) (“If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment”) The plaintiff, in the instant case, stated in her Answer to Interrogatory No. 17, that she “believe [d] it was a combination of factors that caused [her] fall, including a defective, sloping unmarked entryway, a defectively placed awning, and the weather.” In her Answer to Interrogatory No. 19, she stated that “the entrance [to the building] was cracked and sloped” and that the awning directed snow to the area immediately in front of the bank door.”[1] The plaintiff’s Answers to Interrogatories have “established at least the proverbial toehold required to avoid summary judgment” Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 199 citing Scotti v. Arrow Elecs., Inc., 37 Mass. App. Ct. 954, 955 (1994). See Aylward v. McCloskey, 412 Mass. 77, 80, n.3 “In circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist creating liability in the owner or occupier.” Credibility is not an issue in passing upon a motion for summary judgment Kaitz v. Foreign Motors, Inc., 25 Mass. App. Ct. 198 (1987). Nor is the judge to pass on the weight of evidence. Attorney General v. Brown, 400 Mass. 826 (1987).
The persuasiveness of the defendant’s contrary conclusion that the plaintiff’s fall was occasioned by a natural accumulation of snow, did not entitle the defendant to the allowance of its Rule 56 motion. Summary judgment cannot be granted merely because of an apparent likelihood that the moving party will prevail at a trial on the merits. Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 113 (1990). The defendant did not meet its burden to show by affirmative evidence that there was no genuine issue of fact. It is a question of fact whether there was an unnatural accumulation of snow that caused the plaintiff to fall or whether the fall was due to some other cause, alone or in combination with the accumulation of snow This disputed issue of fact is for the jury to decide.
Accordingly, the allowance of the defendant’s summary judgment motion is reversed, judgment for the defendant is vacated, and this case is returned to the Central Division of the Boston Municipal Court for a trial on the merits.
So ordered.

 It does not appear that the plaintiff’s Answers to Interrogatories are part of the record on appeal. Their absence from the record does not preclude the Appellate Division from relying on them under Rule 18(a) of the District/Municipal Courts Rules for Appellate Division Appeal.