Sherman, PJ.
This is an action to recover $1,575.00 in Personal Injury Protection (“PIP”) benefits for medical expenses incurred by the plaintiff in the treatment of injuries she sustained in a 1992 motor vehicle accident.
Defendant Liberty Mutual Insurance Co. denied a portion of the plaintiffs PIP claim on the grounds that the medical expenses in question were not necessary. After trial, judgment was entered for the plaintiff in the full amount of her claim. The defendant now appeals on the grounds of alleged error in the trial court’s disposition of three of the defendants requests for rulings of law and denial of the defendants Dist./Mun. Cts. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal.[1]
The record indicates that the plaintiff was injured on June 22, 1992 when the vehicle she was driving was struck in the rear by a van. The plaintiff began treatment on the day of the accident with Dr. Michael J. Liberti of Liberti Chiropractic Group, and submitted Liberti treatment records and bills to the defendant in conjunction with her PIP claim.
Upon receipt of such claim, the defendant ordered the plaintiff to undergo an examination by its designated chiropractor, Dr. David Spight. Dr. Spight examined the plaintiff on December 3, 1992 and reported that as of that date, after five months *70 of treatment by Dr. Liberti, the plaintiff evidenced a “resolved cervical sprain and mild resolving lumbar sprain” with continued muscle pain in her neck, shoulders and lower back. Dr. Spight opined that all chiropractic care of the plaintiff to that date was consistent with professional guidelines, that the plaintiff had not reached an end result of treatment and that she would require four additional weeks of spinal manipulative therapy. Dr. Spight also averred that there was a causal relationship between the plaintiffs injuries and the June 22,1992 motor vehicle accident.
The defendant forwarded a copy of Dr. Spight’s report to plaintiffs counsel, and paid all of the plaintiffs bills for medical treatment through January 7, 1993. On January 18, 1993, the defendant notified plaintiffs counsel that it would not pay for any future medical expenses incurred by the plaintiff.
The plaintiff continued treatment with Liberti Chiropractic for an additional ten months and submitted bills for the same to the defendant. The defendant requested the opinion of Dr. Spight as to the necessity of the plaintiffs continued treatment. Dr. Spight did not re-examine the plaintiff, but instead conducted a review of her medical records on November 2, 1993. He concluded that an additional four weeks of treatment beyond his originally projected termination date of January 7,1993 would have been reasonable, but that the succeeding nine months of spinal manipulative therapy performed by Dr. Liberti was not “appropriate,” “reasonable” or “indicated” based on his December 3,1992 examination of the plaintiff. Citing Dr. Spighf s record review, the defendant denied the plaintiffs claim for the ten months of medical expenses she incurred after January 7,1993. This action ultimately ensued.
1. The defendant’s appeal was brought pursuant to Rule 8A of the District and Municipal Court Rules for Appellate Division Appeal which became effective on July 1, 1994.[2] As neither party has meticulously complied with the requirements of Rule 8A, a preliminary procedural comment is in order.
Appeals to the District Court Appellate Division are now commenced by filing in the trial court a “Notice of Appeal” and filing fee within ten days of the entry of judgment. Dist./Mun. Cts. R. A D. A 3, 4. Subsequent to filing a notice of appeal, the appellant must elect to proceed, within the specified time periods, on the basis of one of the three alternative “methods of appeal” outlined in Rules 8A 8B and 8C. The “Expedited Appeal” provided for in Rule 8A is particularly suited to cases in which the issues of law for appellate review are both limited in number and capable of precise and narrow definition, and where trial evidence is largely documentary or can be adequately and appropriately summarized without the need for a transcript. A Rule 8A appeal is “expedited” because it provides for a streamlined form of trial court record and shorter filing periods which render the Rule 8A appeal the simplest, fastest and least expensive method of securing appellate review by this Division. A Rule 8A appeal avoids the costs and delays which were previously entailed in the settlement of a report under former Dist./Mun. Cts. R. Civ. E, Rule 64 and which may still attend the preparation of the transcript and appendix required by the alternative Dist./Mun. Cts. R. A D. A 8C appeal method.
Section (a) of Rule 8A specifies the essential components of an Expedited Appeal, which include:
(4) a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented;... and
(7) a certification that the expedited appeal contains all the evidence, facts and other material necessary for consideration of the appeal by the Appellate Division.
It is incumbent upon the appellant to insure that the Expedited Appeal constitutes *71 an accurate, complete and objective trial court record. All relevant matters are to be included in the Expedited Appeal because, as noted, Rule 8A does not provide for a transcript of the evidence or appendices to the parties’ briefs.
In lieu of filing the single “Expedited Appeal” document envisioned by Rule 8A, the defendant in the instant case submitted a “Record Appendix” which in one critical regard failed to include all the evidence necessary for appellate review of the single issue of law presented by this appeal. Notably absent from the defendant’s submission was any reference to the plaintiff’s G.L.c. 233, §79G introduction of the reports and itemized bills of her chiropractor, Dr. Liber ti. The plaintiff did not file a timely Rule 8A(b) objection to this deficiency in the content of the defendant’s expedited appeal, but instead filed her own “Record Appendix” which included a copy of a report by Dr. Liberti.
Such flawed efforts to comply with the requirements of Rule 8A could, in another case, result in appropriate sanctions. However, the combination of materials presented by the parties herein satisfactorily correspond, as a practical matter, to the essential elements of a Rule 8A appeal and may be deemed to constitute a record sufficient to permit effective review in this matter.
2. It is undisputed that the plaintiff was entitled under G.L.c. 90, §§34A and 34M to recover PIP benefits for only those medical expenses which were reasonable and necessary. The defendant’s principal contention on this appeal is that a judgment in its favor was required as a matter of law because the plaintiff failed to introduce medical testimony to satisfy her burden of proving the medical necessity of the last ten months of her chiropractic treatment. We disagree.
Contrary to the defendant’s contention, the general rule is that expert medical testimony is ordinarily not required to establish the necessity of medical expenses. Pietroforte v. Yellow Cab of Somerville, 19 Mass. App. Ct. 961, 963 (1985). Pursuant to G.L.c. 233, §79G, itemized medical bills and reports subscribed and sworn to under the penalties of perjury by an attending physician or authorized hospital agent are admissible as evidence of both the necessity of the itemized medical services and the fairness and reasonableness of the charges therefor. Gompers v. Finnell, 35 Mass. App. Ct. 91, 93-94 (1993). Section 79G medical bills and reports coupled with a plaintiff’s own non-expert testimony may constitute evidence sufficient to permit a finding of fact that the medical treatment for which the plaintiff seeks reimbursement was necessary. That medical testimony per se is not required was expressly decided twenty years ago in Victum v. Martin, 367 Mass. 404 (1975). The Supreme Judicial Court held:
[Tjhe judge, as trier of fact, may properly have inferred from the plaintiff’s testimony that the medical services rendered were necessary, were ‘wise in the light of facts known at the time they were rendered.’ [Citation omitted]. In this regard the itemized bills may have confirmed the judge’s finding that the expenses were required and necessarily incurred in the treatment of an injury arising out of a motor vehicle accident. G.L.c. 231, §6D. That finding is not unsupported by evidence simply because no expert testimony was presented [emphasis supplied].
Mat 409.
There was thus no error in the trial courfis denial of the defendanf s Rule 41 (b) (2) motion for involuntary dismissal and its request number four, both of which sought a ruling that in the absence of sufficient evidence in the form of medical testimony, a finding was required that the plaintiff’s chiropractic expenses were not necessary.[3] *72 The certified treatment records and bills of Dr. Liberti submitted by the plaintiff pursuant to G.Lc. 233, §79G coupled with her own testimony as to her accident, resulting injuries and continuing pain constituted evidence sufficient to permit the trial court’s finding of fact that the plaintiffs PIP claim was for reasonable and necessary medical expenses. The probative value of the plaintiffs own testimony as a component of the evidence needed to satisfy her burden of proof on this issue also justified the courf s denial of defendant!s request for ruling number 6.[4]
3. Equally unpersuasive is the defendant’s further contention that the general rule discussed above is inapplicable in the instant case because the defendant introduced evidence that the medical services in question were “patently inefficient” and “excessively repetitious.” The defendant’s position is that upon its submission of Dr. Spighfs opinion letters and testimony, the plaintiff became obligated as a matter of law to rebut such evidence by introducing competent medical testimony by an expert witness as to the necessity of her chiropractic treatment.
First, the defendant’s argument incorrectly assumes that Dr. Spighfs reports, and his testimony which was based thereon, were sufficient to warrant a finding that the full ten month period of treatment at issue in this case was “patently ineffi-cienf’ and “excessively repetitious.” Dr. Spighfs own record review of November 2,1993 expressly states that continued treatment of the plaintiff during the initial two to four weeks of this ten month period would have been reasonable. As to the remaining months of the plaintiff’s treatment, Dr. Spight opined that the “spinal manipulative therapy” performed by Dr. Liberti was not “indicated,” “reasonable” or “appropriate” because the plaintiff’s “range of motion in her cervical and lumbar spine nine months prior were within normal limits suggesting that function had been restored from an objective point of view.” Dr. Spight did not, however, clearly and specifically characterize as unreasonable other forms of physical and muscular therapy employed by Dr. Liberti to relieve the plaintiff’s continuing pain and other residual problems of a more subjective nature which Dr. Liberti stated to be causally connected to the plaintiff’s 1992 accident. Thus the defendant’s evidence did not warrant a finding that all of the medical treatment undergone by the plaintiff subsequent to January 7,1993 was “patently inefficient” or “excessively repetitious.” There was no error, therefore, in the court’s disposition of defendant’s request for ruling number 2.[5]
Second, even assuming arguendo that there was evidence that all of the plaintiffs treatment was unnecessary, the plaintiff was not automatically bound to rebut such evidence with expert medical testimony. The defendant’s contrary contention simply misstates obiter dictum in Victum v. Martin, supra at 410. In addressing the hypothetical case of a plaintiff who endeavors to “bootstrap” a claim for pain and *73 suffering by “running up” unjustified medical expenses in excess of the G.L.c. 231, §6D threshold amount, the Court noted only that:
where there are indications that the medical services were patently inefficient, excessively repetitious, not conducive to producing desired medical results or disproportionately expensive, and where the injury is neither objectively visible nor well defined, the necessity for the medical services may be subject to more searching inquiry. Additional evidence may be required, including in some instances competent medical testimony [emphasis supplied].
Id. at 410. Nowhere in the Court’s statement is there any support for the defendant’s contentions that additional evidence is required as a matter of law in every case where there is a suggestion that the medical services were unnecessary, and that such additional evidence must be in the form of expert medical testimony.
Finally, the determination that additional evidence on the question of medical necessity may be needed in a given case depends solely upon the trial court’s assessment, as the finder of fact, of the weight and credibility of the evidence submitted by both parties. As the Supreme Judicial Court stated, “in almost all cases ... these issues are for the fact finder and present no questions of law for appellate review.” Id. at 410. In the instant case, the trial judge was free to reject Dr. Spighf s opinion that the last nine months of the plaintiff’s treatment were not necessary, Charrier v. Charrier, 416 Mass. 105, 112 (1993); BNE Massachusetts Corp. v. Sims, 32 Mass. App. Ct. 190, 194 (1992), and to find that the weight and credibility of Dr. Liberti’s treatment records and the plaintiff’s testimony obviated the need for any additional evidence on this issue. That the trial judge so found is implicit in his disposition of defendant’s request number 2. There is nothing in the record to compel our treatment of this finding of fact with anything less than the customary appellate deference. Kendall v. Selvaggio, 413 Mass. 619, 625 (1992).
Appeal dismissed.
So ordered.

It is unnecessary to address the defendant’s additional allegation of an inconsistency between the court’s rulings and findings as the defendant failed to preserve such issue for appellate review by filing either a motion to correct the alleged inconsistency or a motion for a new trial. Cook v. Kozlowski, 351 Mass. 708 (1967); Raytheon Mfgr. Co. v. Indemnity Ins. Co., 333 Mass. 746, 749 (1956).

Cited as Dist./Mun. Cts. R. A. D. A. 1 et. seq.

In response to defendant’s request for ruling number four, the court properly ruled that “Victum holds that the testimony of the plaintiff and itemized medical bills supported by affidavit of physician were sufficient to permit trial court, as trier of fact, to infer that the medical services were necessary...”

Defendanfs request for ruling number 6 stated: “As a matter of law, the plaintiff is unable to satisfy her burden of proving medical reasonableness and necessity by her own non-expert testimony.” It may be noted that request number 6 did not seek a ruling that the plaintiff could not satisfy her burden solely by her own testimony.

Defendant’s request number 2 stated: ‘The evidence warrants a finding that the plaintiffs medical treatment was ‘patently inefficient, excessively repetitious,’ and that the plaintiff’s injury was not ‘objectively visible.’” The trial judge responded: “I do not so find.” Where there is evidence sufficient to permit a certain finding, a trial judge must allow a request for ruling that the evidence “warrants” the finding, and may add to such ruling a statement that he or she does not so find. Gauvin v. Clark, 404 Mass. 450, 457 (1989) and cases cited. A trial judge is, however, free to deal with a request as presented. Catalucci v. Massachusetts Bay Trans. Auth., 351 Mass. 360, 362 (1966). As defendant’s request number 2 could be reasonably interpreted as pertaining to the totality of the plaintiff’s medical treatment or the full ten month period at issue herein, we find no reversible error in the trial court’s disposition of such request.