RICHARD WINE, trustee,[1] *vs.* TAK HING WU, trustee.[2] No. 96-P-1703. May 21, 1999. *Practice, Civil,* Appeal, Transcript of testimony, Judgment on the pleadings, Record, Waiver.

Originally brought in June 1994, this action was amended to add the defendant Tak Hing Wu, as trustee, and she is the sole remaining defendant.[3] The plaintiff sought to recover "unpaid common area charges, late fees, fines, attorney's fees and expenses assessed against the [d]efendant[]," to obtain an order declaring a lien, and to obtain an order authorizing the sale of the defendant's condominium. The defendant was defaulted. A motion to remove the default was opposed by the plaintiff and denied.

After a hearing, damages were assessed against the defendant on January 19, 1996, and on May 29, 1996, judgment entered for the plaintiff in the amount of $6,110. Dissatisfied with the amount, which was less than the plaintiff claimed to be owed, the plaintiff filed a notice of appeal on June 3, 1996, to the Appellate Division of the Boston Municipal Court asserting the following issues for review:

"(1) Whether the court erred in failing to establish damages against Unit 4H of the Harbor Towers II Condominium in the amount assessed

---

[1] Of Harbor Towers II Condominium Trust.

[2] Of the Virtue Realty Trust.

[3] The plaintiff later filed a notice of dismissal against the original defendant.

against Unit 4H of Harbor Towers II Condominium by the Harbor Towers II Condominium Trust.

"(2) Whether the Court erred in failing to issue an Order for the Sale of Real Estate pursuant to M. G. L. c. 254, § 5A after damages were established on January 19, 1996."

1. *Appeals under rules 8A and 8C of the District/Municipal Appellate Division Appeal Rules.* The plaintiff first filed an "Expedited Appeal" pursuant to rule 8A, a simplified procedure which does not require the preparation of transcripts. The defendant filed an objection, stating that transcripts of two hearings were necessary to determine the issues raised by the appeal. Since, under rule 8A, the timely filing of objections "automatically terminate[s] further proceedings under [that] rule," the plaintiff then proceeded on the record of proceedings pursuant to rule 8C. On an appeal under that rule, the record consists of a transcript or a statement of the evidence.[4] However, the rule also provides: "No transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by the pleadings." In a document filed August 2, 1996, entitled "Notice of Appeal on the Record of Proceedings," the plaintiff asserted:

"A transcript not being necessary, no request for a cassette copy is filed herewith."

The defendant filed a motion to strike the appeal under rule 8C, claiming what she had previously stated in her opposition to the "Expedited Appeal" under rule 8A, namely, that transcripts were necessary, that she had designated those transcripts that she had considered critical, and that she had ordered tapes.

The plaintiff did not appear at the hearing of September 27, 1996, on the defendant's motion to strike, and on October 1, 1996, the Appellate Division, two judges sitting,[5] ruled as follows:

"A review of the two appellate issues raised by the appellant reveal that neither issue is based solely on the pleadings. Rather, a thorough examination of the full transcript would be required before an appellate decision could be rendered. Accordingly, the defendant's Motion to Strike Plaintiff's Notice of Appeal on the Record of Proceedings is allowed. Therefore, Plaintiff's appeal is dismissed with prejudice."

The plaintiff argues that the proper procedure was not followed. Rule 8C(c)(2) provides that if the appellant refuses to order the parts of the transcript designated by the appellee, the latter "shall either order such parts

---

[4]"Rule 8C, METHOD OF APPEAL: APPEAL ON THE RECORD OF PROCEEDINGS

"(a) In General. If an appeal is not claimed and perfected under Rule 8A or 8B, a party may appeal based on the record of proceedings as provided in this rule. The record of proceedings shall consist of a typewritten transcript of the electronic or stenographic recording of the proceedings or, where no such record is available, a statement of the evidence, as provided below. No transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by the pleadings."

[5]A third judge had recused himself.

or apply to the trial court for an order requiring the appellant to do so upon such terms and costs as the court may direct." While the plaintiff is correct that this procedure should have been followed by the defendant and that her ordering of the tapes was insufficient to meet the requirements of the rule, the plaintiff, by not appearing at the hearing on the defendant's motion to strike, has waived this argument.

2. *Matter not reviewable solely on pleadings.* We turn to the plaintiff's contention that his appeal can be determined on the pleadings. Assuming that this argument may be raised despite his failure to appear before the Appellate Division, we consider it to be without merit. While it is true that exhibits appended to a complaint are considered part of the pleadings, see *Fairneny* v. *Savogran Co.*, 422 Mass. 469, 470 (1996), the exhibits as to damages on which the plaintiff relies, which are included in the record appendix, do not indicate that they were exhibits to the complaint. Moreover, some of them are dated long after the complaint, e.g., the affidavit of attorney's fees was dated January 10, 1996, and the affidavit of Sheri Weber, "the person responsible for receiving and posting monthly condominium fees paid by unit owners," setting forth the fees allegedly owed by the defendant was also dated January 10, 1996. The term "pleadings" in Dist./Mun.Cts.R.Civ.P. 7(a) in effect when the case was filed was identical to Mass.R.Civ.P. 7(a), as amended, 395 Mass. 1215 (1982).[6] That rule limits pleadings to the complaint, including an amended complaint, and the answer and other documents not here relevant.[7] See *Bass River Lobsters, Inc.* v. *Smith*, 7 Mass. App. Ct. 197, 202 (1979). Motions are not considered pleadings. See Mass.R.Civ.P. 7(b), 365 Mass. 748 (1974), and Reporters' Notes to Mass.R.Civ.P. 15, Mass. Ann. Laws, Rules of Civil Procedure 424 (Lexis 1997). For this reason, the plaintiff's contention is incorrect.

Even were we to construe the exhibits as part of the pleadings, those exhibits, contrary to the plaintiff's contention, are insufficient to determine the appeal. As to the first claimed issue on appeal, the amount of damages, the docket contains the following entry which preceded the judge's award of damages:

"1-17-96: Parties before Court on hearing on Assessment of Damages against Tak Hing Wu, decision reserved."

Not only does the defendant claim that the hearing was an evidentiary one, but the exhibit showing the account breakdown itself raises some ambiguity

---

[6]After July 1, 1996, the Massachusetts Rules of Civil Procedure, with exceptions stated in rule 81, became applicable to the District Court and the Boston Municipal Court.

[7]Since the rule was identical to Mass.R.Civ.P. 7(a), and since that rule is now applicable, we quote from the pertinent part of Mass.R.Civ.P. 7(a):

"(a) Pleadings. There shall be a complaint and (except as provided by law) an answer, and a trustee's answer under oath if trustee process is used; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed*, except that the court may order a reply to an answer or a third-party answer." (Emphasis supplied.)

as to a 1993 overpayment by the Federal Deposit Insurance Corporation. Moreover, one of the plaintiff's own filings, his opposition to the defendant's motion to remove the default, states that the defendant owned the property only from June 1, 1994. The account, however, claims amounts owing from July, 1993.

Based on *Blood* v. *Edgar's, Inc.*, 36 Mass. App. Ct. 402, 405 (1994), the plaintiff argues that he is entitled to the claimed amount on the ground that, absent a prior judicial determination of illegality, the defendant was not entitled to challenge the condominium assessment by nonpayment, but first had to pay the assessment and then, if necessary, seek a judicial determination of its legality and suitable reimbursement. This claim cannot be determined on the pleadings in this case.

The plaintiff fares no better as to his claim that he was entitled to an order for the sale of real estate. General Laws c. 183A, § 6(*c*), which establishes a lien on a unit for the unit owner's share of common expenses, also provides that nothing in the section "shall be deemed to prohibit actions to recover sums for which this subsection creates a lien." Moreover, G. L. c. 254, § 5A, as in effect prior to St. 1998, c. 242, § 8, provides: "When the amount of a lien under section six of chapter one hundred and eighty-three A *has been established by a court* the court shall enter an order authorizing the sale . . . ." (emphasis supplied). Here again, the docket precludes the plaintiff's contention. On May 16, the following entry appears:

> "Attorneys [for the plaintiff] and [for the defendant] Appearing, Plaintiff's motion for order authorizing sale of Real Estate to Issue heard and denied."

Since the record does not enable an appellate court to review the orders challenged by the plaintiff on the basis of the pleadings, the decision of the Appellate Division dismissing the appeal from the judgment of the Boston Municipal Court is affirmed.[8]

*So ordered.*

*Ellen S. Shapiro* for the plaintiff.
*Virginia Lee* for the defendant.

---

[8]It is unnecessary to act on the plaintiff's motion to vacate the order of the single justice dated January 14, 1998. The panel in its decision did not consider the documentation objected to by the plaintiff. The panel denies the defendant's request for attorney's fees.