Crimmins, J.
Plaintiff brought this action to recover monies allegedly owed on a loan made to the defendant. The plaintiff was the guarantor of the loan and when the defendant defaulted, the plaintiff assumed the obligations under the note. At trial, the judge found that the defendant paid the balance of the loan in 1983 and owed the plaintiff nothing. Judgment entered in favor of the defendant. The plaintiff then filed this expedited appeal pursuant to Rule 8A, Dist./Mun. Cts. R.A.D.A. The issue before us is whether the trial judge erred in finding that the plaintiff failed to establish its prima facie case and whether there was sufficient evidence to support a judgment for the defendant.
Massachusetts Rules for Appellate Division Appeal provide three methods of appeal. Dist/Mun. Cts. R.A.D.A., Rules 8A, 8B, and 8C. “The ‘Expedited Appeal’ provided for in Rule 8A is particularly suited to cases in which the issues of law for appellate review are both limited in number and capable of precise and narrow definition, and where trial evidence is largely documentary or can be adequately and appropriately summarized without the need for a transcript.” Scalia v. Liberty Mutual Insurance Company, 1995 Mass. App. Div. 69, 70. In this case, the appeal challenges the sufficiency of the evidence to support the judge’s findings. From the materials submitted it is impossible to determine whether there was sufficient evidence to support the judge’s findings. The appeal does not contain any of the pleadings or any of the exhibits introduced at trial. Without a more complete view of the evidence presented to the trial judge we cannot know what the trial judge relied upon in making his decision. Because the Expedited Appeal serves as the trial court record in an 8A appeal “all relevant documents must be physically attached to, or included in, the Expedited Appeal document.” Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 198. “It is incumbent upon the appellant to insure that the Expedited Appeal constitutes an accurate, complete and objective trial court record.” Scalia, supra, at 70-71. Based on the materials submitted, it is impossible to determine what evidence was before the trial judge. Because the materials are insufficient to determine the issues raised on appeal the appeal is dismissed.[2]
So ordered.

 To the extent that the appeal is based on any inconsistencies in the findings of the trial court, the proper method of resolving inconsistencies is by motion to the trial court judge, not appeal to this Division. Fine Home Builders, Inc. v. Humenn, 1998 Mass. App. Div. 90, 92.