Coven, J.
This is a Dist/Mun. Cts. RADA, Rule 8A appeal by plaintiff Ross E. Mitchell (“Mitchell”) of the entry of summary judgment in favor of defendant Martin M. Stein (“Stein”) on Mitchell’s complaint for malicious prosecution of a civil action.
On December 1, 1997, Mitchell commenced an action in the Superior Court against Stein to recover for emotional distress, lost earnings, efforts expended and costs incurred in connection with his pro se defense in a prior Superior Court case (the “Circadian action”) filed by Stein against Mitchell and others in 1996. Stein’s allegedly groundless claim against Mitchell in the Circadian action was dismissed upon Stein’s own motion on October 7,1997. The Superior Court order stated that the dismissal was allowed “without prejudice to any motion [Mitchell] might make for costs or otherwise, pursuant to Rule or Statute.”
On January 30, 1998, Mitchell’s malicious prosecution action in the Superior Court was dismissed without prejudice under St 1996, c. 358, §5 on the ground that Mitchell’s total damages were not likely to exceed $25,000.00, the Superior Court jurisdictional minimum amount The January 30th order also stated that the “[rjelief sought can be done by motion in [the Circadian action] as instructed in the courts ruling on October 7,1997 ...” Mitchell appealed the January 30,1998 ruling, which was affirmed by the Appeals Court on February 24, 1998. The Appeals Court ruled that Mitchell “must file his case in the appropriate District *41 Court, pursuant to §7 of [St 1996, c. 358].” Mitchell filed this action against Stein in the Newton Division of the District Court Department on November 28,2000.
On August 21, 2001, Stein filed a Mass. R Civ. R, Rule 56, motion for summary judgment on the grounds that (1) the Superior Courts October 7,1997 ruling constituted an “order” requiring Mitchell to seek by motion in the Circadian action the damages sought for malicious prosecution in Mitchell’s District Court action, and that Mitchell’s District Court action thus violated that “order,” and (2) the ridings of the Appeals and Superior Courts somehow constituted findings that Mitchell’s malicious prosecution claim was without merit Stein’s summary judgment motion was allowed after hearing, and this appeal followed.
As Stein failed to satisfy his Rule 56 burden, as moving party, of establishing that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law, his motion for summary judgment should have been denied. See generally, Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 368 (1996); Bergendahl v. Massachusetts Electric Co., 45 Mass. App. Ct. 715, 718 (1998).
1. Stein initially argues, in purely conclusory fashion,[1] that the October 7,1997 and January 30, 1998 Superior Court rulings constituted mandatory orders which required Mitchell to obtain the damages he seeks in this action solely by motion in the Circadian suit and which precluded Mitchell from filing any independent action or utilizing any other procedural mechanism to obtain redress. Neither of those orders can be reasonably construed as so limiting Mitchell’s options. At most, the October 7th order protected Mitchell’s continuing right, after the allowance of Stein’s dismissal motion, to obtain relief against Stein by motion in the Circadian action. The January 30th order, which dealt with St. 1996, c. 258 jurisdictional issues, merely advised Mitchell that relief was still available by simple motion in the Superior Court and, inferentially, that it was unnecessary to institute a separate action. Those orders did not, however, prohibit such an action.
Nor would there be any legal basis for barring Mitchell’s malicious prosecution action because of his failure to file a G.Lc. 231, §6F[2] motion in the Circadian case. In general, “claim preclusion” bars a second action where there has been a final judgment by a court of competent jurisdiction in a prior proceeding which involved the same parties and identical claims or causes of action. Almeida v. The Travelers Ins. Co., 383 Mass. 226, 229 (1981). As no G.L.c. 231, §6F motion was *42 filed by Mitchell after the dismissal of the Circadian case,[3] there was obviously no prior litigation of his present claim. The question then becomes whether Mitchell’s failure to file the motion is itself preclusive. The rule in that regard is that
(2) A defendant who may interpose a claim as a counterclaim in an action but Ms to do so is precluded, after the rendition of a judgment in that action, from maintaining an action on the claim if (a) the counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court ...
RESTATEMENT (SECOND) OF JUDGMENTS §22(2) (a) (1982). Stated alternatively, the claim preclusion rule is linked to the compulsory counterclaim rule set forth in Mass. R. Civ. E, Rule 13(a). See Comment (e), RESTATEMENT (SECOND) OF JUDGMENTS §22 (1982). That rule requires a compulsory counterclaim to be set forth in a pleading. Section 6F of G.L.c. 231 calls for a motion. “Motions are not considered pleadings.” Wine v. Wu, 46 Mass. App. Ct. 931, 933 (1999). See Mass. R. Civ. P., Rule 7. Thus while a §6F motion may be considered compulsory only in the conventional sense that the relief afforded by the statute is unavailable if a party does not file the necessary motion to obtain it, a §6F motion is not a compulsory counterclaim to which the doctrine of claim preclusion applies.
2. Stein also appears to suggest that summary judgment was appropriately entered in his favor because Mitchell’s claim for damages for malicious prosecution was not actionable. The argument is without merit
An action for malicious prosecution may be maintained not only for the abuse of criminal process, but also for the unjustifiable prosecution of a civil action. Rosenblum v. Ginis, 297 Mass. 493, 497 (1937); Sullivan v. Birmingham, 11 Mass. App. Ct. 359, 367 n. 8 (1981). To prevail on a malicious prosecution claim, the plaintiff must prove “that the original action was brought maliciously and without probable cause, and has been terminated in favor of the plaintiff” Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 261 (1961). When those elements have been established, damages may be recovered for emotional distress and “any financial loss” occasioned by the original action. Rich v. Rogers, 250 Mass. 587, 589 (1925). See also J.R. NOLAN & L.J. SARTORIO, TORT LAW §81 at 107 (2d ed. 1989) (damages resulting from loss of earnings and emotional distress are recoverable). Contrary to Stein’s related contention, the Superior Courts St 1996, c. 358 estimation of the amount of Mitchell’s recoverable damages as less than $25,000.00 did not constitute a finding or ruling that Mitchell’s claim for damages was not actionable or was devoid of merit
The allowance of Stein’s Rule 56 motion is reversed, summary judgment is vacated and this case is returned to the Newton Division for trial.[4]
So ordered.

 Stein’s six page brief, of which only three pages are devoted to “argument,” is devoid of not only legal analysis, but also “supporting case citations, statutory references or other legal authority and thus does not rise to the level of appellate argument” Goodman v. Blum, 1993 Mass. App. Div. 88, 89. See also Zora v. State Ethics Commission, 415 Mass. 640, 642 n. 3 (1993).

 Section 6F provides, in pertinent part: "Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge... the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims... whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceedings, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.
"If such a finding is made with respect to a party's claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. If the party against whom such claims were asserted was not represented by counsel, the court shall award to such party an amount representing his reasonable costs, expenses and effort in defending against such claims...."

 Stein simply states in his brief that Mitchell had a G.L.c. 231, §6F motion before the Superior Court at the time Stein’s dismissal motion was allowed. There is nothing in the record to support such an assertion. Moreover, Stein’s unsupported contention that Mitchell’s Rule 6F motion “was obviously rejected by the specific wording of the [October 7th] order” is, at best, illogical. If rejected, the motion would have been denied. The October 7th order instead invited Mitchell to seek costs or other relief against Stein.

 Having so ordered, we make a final observation with respect to damages. While Mitchell seeks punitive damages, “[p]unitive damages are not favored in Massachusetts, and we have long followed the principle that absent statutory authorization, punitive damages may not be awarded.” Pine v. Rust, 404 Mass. 411, 415 (1989) and cases cited.