Koenigs, J.
This is an action to recover damages for injuries sustained by the plaintiff who slipped and fell on the staircase of an elderly housing project The *223 plaintiff, a visitor to the premises, claims her injuries were caused by the negligence of the defendant, a professional carpet cleaner, who had wet-cleaned the carpets adjacent to this stairway earlier that day. The trial judge found for the plaintiff and denied the defendant"s request for a ruling that the evidence did not warrant a finding for the plaintiff. The defendant has brought an expedited appeal of that ruling pursuant to Dist/Mun. Cts. RAD.A, Rule 8(A).
1. The procedural issue. The defendants sole issue on appeal is the sufficiency of evidence presented at trial. The defendant argues in his reply brief that this court should determine this issue solely on the basis of the summary of evidence and undisputed facts, which he provided in compliance with the requirements of Dist/ Mun. Cts. RA.D.A, Rule 8A(a) (4). The defendant asserts this court should not in deciding the sufficiency of the evidence at trial, consider the trial judge’s memorandum of decision, which was included in the Expedited Appeal pursuant to Dist/Mun. Cts. R.AD.A, Rule 8A(a) (5).
The defendant has chosen to prosecute fifis appeal as an Expedited Appeal in the format prescribed in Dist/Mun. Cts. R. A. D. A., Rule 8A The summary of evidence and undisputed facts does not specifically incorporate the judge’s memorandum as part of the statement of evidence and undisputed facts.[3] The plaintiff did not object to the summary of evidence and undisputed facts. See Dist/Mun. Cts. RAD.A, Rule 8A(b).
Dist/Mun. Cts. RAD.A, Rule 8A(a) (4), requires the submission of “a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented (emphasis supplied) [.]”
The form of appeal chosen by the defendant albeit without objection, presents inherent difficulties where the court must determine the sufficiency of evidence at trial “The “Expedited Appeal’ provided for in Rule 8A is particularly suited to cases in which the issues of law for appellate review are both limited in number and capable of precise and narrow definition, and where trial evidence is largely documentary or can be adequately and appropriately summarized without the need for a transcript” Scalia v. Liberty Mutual Insurance Company, 1995 Mass. App. Div. 69, 70.
The brief statement of facts, which were based upon evidence that was primarily testimonial rather than documentary, is not a complete picture of the evidence considered by the trial judge, who took the pains to issue a four-page memorandum of decision comprising a thorough discussion of the evidence and the caselaw upon which he based his ultimate finding. Consideration of the trial judge’s memorandum of decision is both necessary to decide the legal issue, see Dist/Mun. Cts. R. A. D. A., Rule 8A(a) (4), and fair to the parties.
2. The sufficiency of the evidence. The evidence before the court would have justified the following findings. The plaintiff, who entered the housing complex to distribute hot lunches for the Meals on Wheels program, made deliveries on the first floor, and then carried other meals up the stairs to the second floor. Thirty minutes later, having completing her tasks, she started down the same staircase. On the first step down from the second floor landing, she slipped on a puddle of clear liquid and fell, sustaining various soft tissue injuries. The plaintiff had not seen the puddle on the floor as she went up the stairs.
An hour before the plaintiffs arrival, the defendant had completed cleaning the hallways carpets with a wet-dry cleaning machine. This device disperses a wet spray to clean the carpets, and collects the liquid with a vacuum device. This process left the carpeting damp. The stairs were not carpeted, and the defendant did *224 not clean the stairs. He cleaned the rug on the landing just above the step on which the plaintiff slipped.
The cleaning liquid was pumped to the spraying device through a hose connected to a tank in the truck outside. The soiled liquid was pumped back to another tank in the truck through a second hose. The hoses were run from the truck, through the first floor, up the stairs where the plaintiff fell, to the cleaning machine. Although leaks in this equipment were common, the defendant denied the hoses were leaking that day.
In his memorandum of decision, the trial judge found that the defendant had breached his duty to use care in cleaning the carpets, and had negligently created the hazard that caused the plaintiff’s injuries. He specifically cited DiRoberto v. Lagasse, 336 Mass. 309 (1957) in support of his finding.
In DiRoberto, the Supreme Judicial Court found it was error to enter judgment for the defendant notwithstanding the verdict, where evidence supported a finding that the plaintiff was injured when a metal rod, which supported an awning under which the plaintiff stood, collapsed and struck her. The awning, and the carnival booth to which it was attached, could be found to have been in the exclusive possession of the defendant The Court found that the plaintiff “was not required to exclude all causes except the defendants negligence and it was sufficient if upon the entire evidence there was a greater likelihood that the accident was due to his negligence than to some other cause.” Id. at 311-312.
In the instant case, there was no other evidence that would have tended to explain the presence of liquid in the area, except the liquid-bearing hoses and other cleaning equipment used by the defendant That the defendant did not clean the stairs themselves does not exclude a finding that water from the equipment, the hoses to which lay on the staircase as water was pumped through them, and which hoses had a tendency to leak, produced the puddle upon which the plaintiff slipped and fell.[4] Considering the evidence in its entirety and in its light most favorable to the plaintiff, the judge was entitled to draw the inference that it was water from the defendant’s equipment, negligently left behind on the staircase, which caused the plaintiff’s injuries. “The test is not whether the evidence was such that it required the [trier of fact] to infer negligence by the defendant, but only whether it was sufficient to permit such an inference.” Gelinas v. New England Power Co., 359 Mass. 119 (1971) (citation omitted).
There was no error.
Judgment affirmed.

 In his memorandum, the trial judge specifically noted that the memorandum of decision “is not intended to constitute findings of fact pursuant to Mass. R Civ. P., Rule 52.”

 The judge candidly discussed alternate theories upon which he believed liability could be found. This was the finding he determined to be most strongly supported by the evidence.