Williams, J.
The defendant, Edward L. Comeau (“Comeau”), filed this expedited appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A,[1] claiming three errors on the part of the trial court in denying Comeau’s “motion for required finding.”[2] Comeau claims the trial court improperly concluded that an alleged oral contract between the parties for the loan of $5,000.00 fell outside the Statute of Frauds (M.G.L.C. 259, §1) and was therefore enforceable; that it improperly permitted plaintiff Michael Viano (“Viano”) to testily inconsistent with the pleadings, contrary to M.G.L.C. 231, §87; and that it improperly found the plaintiff was not engaged in trade or commerce within the meaning of M.G.L.c. 93A
In choosing to proceed under Rule 8A, Comeau assumed the burden of preparing an expedited appeal that presented “an accurate, complete and objective trial court record.” Rothman v. Begley, 2000 Mass. App. Div. 280, 283, quoting Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70-71. But this appeal is flawed because the record here cannot meet those criteria given the nature of Comeau’s claimed errors.[3] The expedited appeal afforded by Rule 8A is especially appropriate in cases involving a limited number of precise and narrow legal issues and fea *141 turing trial evidence that is mostly documentary or susceptible of satisfactory summary without need of a transcript. Powers v. Arbour, 2002 Mass. App. Div. 222, 223, citing Scalia, supra. Here, though, Comeau challenges the sufficiency of the evidence supporting the trial court’s findings. Taking the issues one at a time, we, first, have no transcript to review the issue of the establishment of an oral contract. Second, Comeau claims the trial court should not have allowed certain aspects of Viano’s testimony. There is of course no way this Court can assess such a suggestion without knowing what that testimony was. And finally, the Court is unable to review any testimony bearing on the issue of whether MBA Realty Trust could properly have been found to have engaged in trade or commerce so as to justify the trial court’s conclusion that it was not subject to M.G.L.C. 93A.
The appeal is dismissed.
So ordered.

 Rule 8A provides for an expedited appeal in which the appellant is mandated to provide, among other documents, “a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented....” Dist./Mun. Cts. RAD. A.,Rule8A(a)(4).

 Such motions are properly treated as motions for involuntary dismissal made pursuant to Mass. R. Civ. R, Rule 41(b)(2). See generally, e.g., Fishman v. Paramount Cleaners & Dyers of Brockton, Inc., 2003 Mass. App. Div. 33, 34. Here, Comeau apparently moved for such a dismissal at the close of the plaintiffs’ case, which motion the trial court denied.

 Although Comeau submitted, as required by Rule 8A(a) (4), a purported summary of undisputed facts, the parties’ briefs malee clear that critical facts — evidenced by testimony rather than documents — were in sharp dispute. One example suffices. Comeau asserts he signed a document demonstrating his performance of the loan agreement, while Viano argues it was never executed. Given such discrepancies suggested in the briefs, Comeau’s summary cannot serve as the complete picture of the evidence considered by the trial court that the Rule contemplates. See Powers v. Arbour, 2002 Mass. App. Div. 222, 223.