LoConto, P.J.
This is an action in tort to recover for personal injuries allegedly sustained in a slip and fall at the defendant hospital. The trial judge found in favor of the plaintiff and the defendant commenced this Dist./Mun. Cts. R. A. D. A., Rule 8A Expedited Appeal. The defendant challenges the omission of certain findings made by the trial judge and the adequacy of the findings that were made by the court in support of its ultimate conclusion that the defendant was negligent in the maintenance of its property. We note at the outset that unlike an 8C Appeal on the Record of Proceedings, here we are limited in our review to evidence, facts and other material constituting the appellant’s Expedited Appeal. ‘The form of appeal chosen by the defendant, albeit without objection, presents inherent difficulties where the court must determine the sufficiency of the evidence at trial.” Powers v. Arbour, 2002 Mass. App. Div. 222, 223. ‘The ‘Expedited Appeal’ provided for in Rule 8A is particularly suited to cases in which the issues of law for appellate review are both limited in number and capable of precise and narrow definition, and where trial evidence is largely documentary or can be adequately and appropriately summarized without the need for a transcript.” Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69. With this backdrop we address the defendant’s claimed errors.
The defendant’s brief “Summary of Undisputed Facts” pursuant to Rule 8A(a) (4), suggests that the evidence at trial supported facts that on August 18, 2000, the plaintiff and her boyfriend brought their baby to the defendant’s Bay-state Wesson Memorial Building for an office visit at the pediatric clinic; that the plaintiff slipped and fell as she walked along a hallway on level C; and that after she fell she noticed spots of water down the hallway. It is further undisputed that a nurse and another individual from the laboratory on level C came to the plaintiff’s assistance. Lastly, it is undisputed that bottled water had been delivered to the laboratory prior to the plaintiff’s fall.
As a matter of law, the defendant hospital has an obligation “to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973). “Where water has accumulated on the floor of a business establishment as a result of improper supervision, its presence may constitute an unreasonably hazardous condition.” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 176 (2000).
The defendant’s initial claim is that the trial judge made no specific finding that the defendant caused the water to be on the floor, had actual knowledge that the water was on the floor, or that the water was present for such a length of time *47 that the defendant should have known about it. Additionally, the defendant challenges the adequacy of the findings made by the judge to support the ultimate conclusion that the defendant was negligent in the maintenance of its property. In this case, although not required by Mass. R. Civ. P., Rule 52 (c), the trial judge made some specific findings of fact in addition to responding to the defendant’s Requests for Rulings of Law. These findings addressed the type, size, length and direction of the water drops where the defendant slipped. He also credited the testimony of individuals to support the existence of the hazardous condition, the need to clean the area and the facts to establish that a delivery person had delivered water to the laboratory earlier that morning. He found that the defendant was negligent in the maintenance of its property, and that the plaintiff was not negligent. Additionally, the trial judge denied a defendant’s requested ruling that there was no evidence which permits an inference as to the length of time that the water had been on the floor. We acknowledge that in these types of cases liability depends upon the “opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties.” Deagle v. Great Atl. & Pac. Tea Co., 343 Mass. 263, 265 (1961). Where the defendant’s appeal relies on the lack of any specific findings to support an inference that the water was present on the floor for a sufficient length of time to have enabled the defendant in the exercise of reasonable care to have discovered it and removed it prior to the plaintiff’s fall, it must fail. The court’s findings are “simply the trial judge’s effort to outline some of his views on the evidence and the law,” Stigum v. Skloff, 2000 Mass. App. Div. 63, and any appeal based upon an inadequacy of said findings would contravene the intended purpose of his voluntary effort. We do not find that the trial judge’s subsidiary findings of fact contradict his ultimate findings and rulings on liability. Nor can we discern by the paucity of the record before us that his findings and rulings are unsupported by the evidence. For the above stated reasons, we dismiss the defendant’s appeal.