Welsh, J.
Wanda Gilmore (‘Wanda”) has appealed both the denial of her motion to dismiss this summary process action and the judgment for possession and damages entered in favor of her father, plaintiff Marvin E. Gilmore, Jr. (“Marvin”).
We determine that this appeal must be dismissed because of the absence of sufficient information in the Dist./Mun. Cts. R. A. D. A., Rule 8A, record before us to decide the issue presented.
Wanda inherited a multi-unit dwelling in Easton from her mother in 1987. She was the sole owner of the property until 1992. In October, 1992, Wanda conveyed the property to herself as the sole trustee of the 120 Washington Street Family Trust. In 2000, Wanda reconveyed the trust property to herself, individually. Wanda began to experience financial difficulties and her father, Marvin, became involved when she sought his help. On May 15,2000 a new trust was created; Marvin was the sole trustee and sole life beneficiary and Wanda was the remainder beneficiary The trust was designated a nominee trust, and Wanda conveyed the property to this trust.
Marvin brought this summary process action in 2003 claiming that Wanda refused to pay her fair share of the expenses for the unit she occupies. Wanda filed a motion to dismiss on the ground that Marvin had no standing to bring the eviction action against her because she was a beneficiary of the nominee trust, her consent was required for all actions taken by Marvin as trustee, and she had not consented to the filing of this action. After an evidentiary hearing, the motion was denied. Following a bench trial, judgment was entered in Marvin’s favor for both possession and $42,768.20 in damages.
Wanda’s sole contention on this appeal that a trustee of a nominee trust requires the consent of a remainder beneficiary in order to bring an action to oust such beneficiary appears to be a question of first impression in this Commonwealth. The motion judge, in a well-reasoned opinion, concluded that such assent was not required in the circumstances of this case. Unfortunately, only a fragment of the operative trust document was included in this expedited appeal rendering impossible any effective appellate review of the court’s ruling. In a Rule 8A expedited appeal, the appealing party is obligated to include sufficient information in the record to permit a fair consideration of the question presented. Koch Poultry Co., Inc. v. Ottoman Custom Processors, Inc., 1996 Mass. App. Div. 124, 125.
Because the Expedited Appeal serves as the trial court record in an 8A appeal ‘all relevant documents must be physically attached to, or included in, the Expedited Appeal document.’ Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 198. ‘It is incumbent upon the appellant to insure that the Expedited Appeal constitutes an accurate, complete *82 and objective trial court record.’ Scalia v. Liberty Mutual Ins. Co., [1995 Mass. App. Div. 69,] 70-71.
Massachusetts Higher Educ. Assistance Corp. v. McCarthy, 2000 Mass. App. Div. 76. Rule 8A(b) permits the appellee to file timely objections to the appeal where the expedited appeal record is inaccurate or incomplete. Wine v. Wu, 46 Mass. App. Ct. 931, 932 (1999). The Rule also permits the judge whose ruling or order is the subject of the appeal to terminate the expedited appeal upon a determination of non-compliance with the provisions of the Rule. No objections were filed in this case.
Appeal dismissed.[1]
So ordered.

 While we do not reach the merits of this appeal, we observe that summary process is a wholly statutory procedure available only in those circumstances provided in the statute. Cummings v. Wayda, 325 Mass. 242, 243 (1950). While there are a number of cases extending standing to persons who are not literally within the statutory description of eligible plaintiffs who might have recourse to the remedy, there are no cases to our knowledge discussing the use of summary process by parties in the context of a nominee trust.