Coven, J.
This is a Dist/Mun. Cts. R. A. D. A., Rule 8A appeal by defendant Alan L. Grenier (“Grenier”), a practicing attorney licensed in this Commonwealth, of the summary judgment entered for the plaintiff, Citibank South Dakota N.A (“Citibank”).
On June 30,2006, Citibank commenced this action to recover payment of Grenier’s outstanding credit card debt. Grenier was defaulted on August 18, 2006; but he moved successfully to remove the default and filed an answer on October 5,2006. On January 5,2007, Citibank served Grenier with a motion to compel his further answers to interrogatories. The court allowed Citibank’s motion on February 23, 2007. On May 1, 2007, the court sanctioned Grenier for his failure to comply with the courf s prior discovery orders, ordering him to pay Citibank $400.00 in attorney’s fees.
On August 28, 2008, Citibank filed a Mass. R. Civ. R, Rule 56 motion for summary judgment, and marked the motion for hearing on September 17, 2008. Either the day before, or on the day of, the scheduled motion hearing, Grenier notified the court that he was seeking arbitration, thereby placing the case on inactive status.[1] The trial court *248 docket indicates that no further action was taken between September 16, 2008 and March 11,2009. On the latter date, at a case status review scheduled six months earlier, the trial court allowed Citibank’s motion to restore the case to active status, and imposed $500.00 in sanctions on Grenier for his failure to have taken any action to pursue arbitration. Additional trial court docket entries for March 11, 2009 indicate (1) that a pretrial conference was scheduled for April 1,2009 and notice was issued to the parties, and (2) that another motion was also scheduled to be heard on April 1,2009.[2]
In a three-page document labeled as his appellate brief and in a supporting affidavit he prepared for, and included in, his expedited appeal, Greiner claims that on March 23, 2009, he requested a continuance of the April 1, 2009 pretrial conference because he planned to be in Florida from March 25 to April 4,2009. Grenier has not explained when he planned his Florida trip; why, if it had been previously scheduled, he did not so inform the court at the March 11, 2009 case status review; or why he delayed until March 23 to seek a continuance of the April 1 conference. In any event, Grenier merely asked an associate in his office to cover the pretrial conference and departed for Florida on March 25, 2009 without making any inquiry to the court about his continuance motion.[3]
On March 27,2009, the court denied the motion. Grenier claims that his office did not receive notice of that ruling until March 30, 2009. Grenier’s associate delayed until March 31, 2009 before contacting Citibank’s counsel to request his assent to a continuance. Citibank’s attorney declined and, according to Grenier, it was only then that the associate was informed of the summary judgment motion hearing scheduled for the next day. Grenier did not return to Massachusetts until April 4, 2009 because he was hospitalized in Delray Medical Center in Florida from March 29 to April 3, 2009.[4] Grenier asserts that his associate was unprepared to proceed on the merits of a summary judgment motion.
The motion hearing was held, as scheduled, on April 1, 2009. Citibank’s motion was allowed, and summary judgment for Citibank was entered on April 2, 2009 for damages of $9,806.62, prejudgment interest of $5,967.80, and attorney’s fees and costs of $637.70, for a total of $16,412.12. There is nothing in the record prepared by Grenier to suggest that his associate raised the issue of Grenier’s claimed lack of notice at the summary judgment hearing.[5]
Grenier failed to seek any posljudgment relief on the basis of the assertions now presented to us, and simply filed this appeal. He alleges, unpersuasively, that his due *249 process rights were violated because he was not provided notice, or an opportunity to be heard, prior to the trial court’s granting of summary judgment to Citibank.
1. Grenier has effectively waived any right to consideration of his purported due process issue, or any other issue, on this appeal by failing to file an appellate brief. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4). The three-page document Grenier submitted as a brief consists of 11 short paragraphs reiterating the procedural chronology outlined in his affidavit, a concluding demand for relief, and a three-sentence “argument” section.[6] Those three sentences are limited to conclusory allegations of trial court error, unsubstantiated by the record, and devoid of both any legal analysis and even a single citation of case, statutory, or other legal authority. Grenier’s submission utterly fails to resemble anything even remotely cognizable as marginally acceptable appellate argument. See Mitchell v. Stein, 2002 Mass. App. Div. 40, 41 n.1; Brossi v. Fisher, 1999 Mass. App. Div. 99, 101 n.2.
2. There is, in any event, nothing in the record before us to compel the conclusion that Grenier was denied both the notice and the “opportunity to be heard at a meaningful time and in a meaningful manner” that are required for procedural due process. Daniels v. Board of Registration in Med., 418 Mass. 380, 383 (1994), quoting Matter of Kenney, 399 Mass. 431, 435 (1987). The only logical interpretation of the trial court docket entry of March 11,2009 stating, “Motion scheduled for hearing on 04/01/2009,” is that the motion in question was Citibank’s summary judgment motion. Docket entries for August 28, 2008, the date that Rule 56 motion was first filed, state, “Motion for summary judgment filed by Citibank” and “Motion scheduled for hearing on 09/17/2008.” As noted, on the day of the September 17, 2008 motion hearing, when all activity in the case was suspended due to Grenier’s request to proceed to arbitration, the court scheduled a six-month case status review for March 11, 2008. As of March 11, the only pending motion before the court was Citibank’s summary judgment motion. In returning the case to active status on March 11, 2009, the court obviously rescheduled the summary judgment hearing for April 1, 2008 as reflected in one of the many March 11 docket entries. Grenier does not deny that he appeared at the case status review on March 11, 2008, and does not claim that the monetary sanctions ordered by the court on that date were imposed upon him in his absence, or without a hearing. Thus, the only reasonable inference to be drawn is that, with both parties present, the court scheduled the *250 summary judgment hearing for April 1, 2009. Grenier’s averment that he was not provided notice of that hearing, by the clerk or by Citibank, may well be true, but does not amount to proof that he had no knowledge of the fact that Citibank’s summary judgment motion would be heard on April 1, 2009.
Second, there is nothing in the record to suggest that Grenier’s claim of lack of notice was ever properly raised in the trial court. An affidavit by the associate should have been filed the day before the April 1 hearing, the day Grenier alleges the associate was first informed of the motion hearing. See Rule 56(c) (‘The adverse party prior to the day of hearing may serve opposing affidavits.”). Further, no affidavit by the associate was ever filed, and Grenier has not provided a transcript of the summary judgment hearing. Thus, as noted, there is no evidence that the associate ever raised the issue of lack of notice during the summary judgment hearing. Nor does the docket indicate that Greiner ever filed a postjudgment motion for reconsideration or a Mass. R. Civ. R, Rule 60(b) (1) motion for relief from judgment, either one of which, if supported by the associate’s affidavit, would have served as an appropriate vehicle to raise the notice issue in the trial court.
What the record does indicate is that by April 1,2009, Grenier had enjoyed ample opportunity to submit some opposition to Citibank’s summary judgment motion that was filed more than seven months earlier on August 28, 2008. It is elementary that a party opposing summary judgment may not rest on the “mere allegations or denials of his pleadings,” but must instead, by affidavit, advance specific, relevant facts demonstrating the existence of a genuine factual issue requiring a trial on the merits. Rule 56(c). “If [the opposing party] does not so respond, summary judgment, if appropriate, shall be entered against him.” Rule 56(e). That summary judgment was appropriate is clear from the motion judge’s memorandum of decision in which he noted, inter alia, that Citibank had submitted admissible business records establishing Grenier’s existing credit card debt. Grenier filed nothing to rebut Citibank’s proof. Indeed, Grenier had conceded in answers to interrogatories that he had no evidence in his possession to contradict Citibank’s claim for payment on his delinquent credit card account. Grenier has also offered nothing on this appeal to indicate what proof or arguments he would have, or could have, presented had he been at the summary judgment hearing, or what actual prejudice, if any, he has suffered in being absent from that hearing.
Judgment affirmed.
So ordered.

 In his summary judgment ruling, the motion judge indicated that Grenier filed a request for arbitration on September 16,2008, the day before the first scheduled summary judgment hearing. However, Grenier’s actual claim for arbitration is dated September 19,2008, two days after the hearing date. The docket entries for September 17,2008 stated that a status review was scheduled that day for March 11,2008, and that a projected bench trial date was cancelled because the case was “going to arbitration.” The clerk issued notice of the March 11,2008 status review to the parties on September 17,2008.

 The docket entry stated: “Motion scheduled for hearing on 04/01/2009 09:00 AM.”

 Grenier admitted in his affidavit that he “erroneously assumed that the court would have granted the continuance.”

 Grenier included in his expedited appeal two medical bills from Delray Medical Center in Florida dated March 29, 2009 and April 2, 2009.

 While Grenier has averred that the associate raised the issue, Grenier did not attend the summary judgment hearing. Grenier has failed to submit an affidavit from the associate to explain exactly what the associate raised or failed to raise. Further, while transcripts of motion hearings are not ordinarily submitted on appeal, particularly as a component of expedited appeals, Grenier could have established his assertions about the April 1,2009 hearing by submitting the hearing transcript. He did not do so.

 Grenier’s written appellate argument consists, in its entirety, of the following:
“Argument
12. Notwithstanding that the Trial Court was informed of both of [sic] the lack of notice and the unavailability of GRENIER, said Trial Court granted the Plaintiff’s Motion for Summary Judgment.
13. GRENIER was provided with neither notice of any hearing for Summary Judgment nor the opportunity to respond to the Plaintiff’s allegations.
14. Due process requires that at a minimum GRENIER be allowed to respond to the Plaintiff’s allegations and be provided some form of notice of any hearing date set for such Summary [sic] Motion hearing [sic] any other motion.”