NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-259

JOHN FINLAYSON

vs.

COX FUEL CO., INC., & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Finlayson, appeals from a decision and order of the Appellate Division of the District Court dismissing his expedited appeal from a judgment against him on his civil action against the defendants, Cox Fuel Company, Inc., and Theresa M. Cox.  Agreeing with the Appellate Division that the plaintiff has failed to produce an appellate record adequate to review his claims of error, we affirm.

The District/Municipal Courts Rules for Appellate Division Appeal (Dist./Mun. Cts. R. A. D. A) provide three different methods for producing a record for an Appellate Division appeal: (1) rule 8A, expedited appeal; (2) rule 8B, agreed statement of

_____

[1] Theresa M. Cox.

the case; or (3) rule 8C, appeal on the record of the proceedings. The plaintiff pursued an expedited appeal. Pursuant to rule 8A, the plaintiff was required to produce a document captioned "expedited appeal," which needed to include, inter alia, "a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented." Dist./Mun. Cts. R. A. D. A. 8A(a)(4).

"[A] Rule 8A expedited appeal is appropriate for the appeal of certain motions that present discrete issues of law and were decided on the parties' documentary submissions without evidentiary hearings." Mystic Landing LLC v. OMLC, LLC, 2010 Mass. App. Div. 150, 151, aff'd, 81 Mass. App. Ct. 1127 (2012). "The expedited appeal afforded by Rule 8A is especially appropriate in cases involving a limited number of precise and narrow legal issues and featuring trial evidence that is mostly documentary or susceptible of satisfactory summary without need of a transcript." Viano v. Comeau, 2003 Mass. App. Div. 140, 140-141. For example, rule 8A was properly used to raise the legal question whether a health care proxy agent is statutorily authorized to commit a principal to a mental health facility. See Cohen v. Bolduc, 435 Mass. 608, 612 (2002).

2

"The Expedited Appeal serves as the trial court record in a Rule 8A appeal, and copies of all relevant documents must be physically attached to, or included in, the Expedited Appeal document." Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 198. "In a Rule 8A expedited appeal, the appealing party is obligated to include sufficient information in the record to permit a fair consideration of the question presented." Gilmore v. Gilmore, 2005 Mass. App. Div. 81, 81. "It is incumbent upon the appellant to insure that the Expedited Appeal constitutes an accurate, complete and objective trial court record." Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 70-71.

The expedited appeal filed by the plaintiff in this case was woefully inadequate to allow the Appellate Division to consider any of the appellate issues raised before us. The plaintiff provided a section labeled "Plaintiff testimony verbatim10/20/22 from audio transcript," but this section consists of notes about the plaintiff's testimony that cannot possibly be verbatim, complete, or objective. Moreover, the expedited appeal states that the plaintiff "was not allowed to testify about negligence or submit evidence regarding 93a." The expedited appeal contains no description why the plaintiff was not allowed to do these things. Although one of the defendants'

3

motions in limine is included, the record does not reflect whatever reasoning the trial judge provided at trial. On this record, there is no way that we (or the Appellate Division) could determine whether the judge erred either in his rulings in limine or in granting the directed verdict. See Friedman v. Division of Administrative Law Appeals, 103 Mass. App. Ct. 806, 821 (2024), quoting Lodigiani v. Paré, 103 Mass. App. Ct. 140, 141 n.3 (2023).

Similarly, there is no way for us to review the plaintiff's claim concerning his motions for default. Again, the record provided contains no description of the defendants' explanation for its late answer (which appears to be only one day late) nor the judge's explanation why he denied the plaintiff's motion. As "the decision to enter a default judgment is committed to the sound discretion of the judge," Keene v. Brigham & Women's Hosp., 439 Mass. 223, 235 (2003), and a judge has the discretion to remove a default where the circumstances dictate, see Abate v. Fremont Inv. & Loan, 470 Mass. 821, 825 n.10 (2015), this record provides us with no reason to disturb the judge's ruling.

The plaintiff's argument that the answer was filed by a nonattorney does not provide the assistance the plaintiff believes. First, the plaintiff sued Cox personally, and she was entitled to answer on her own behalf without counsel. Second,

4

where a corporation is unrepresented by counsel, the judge has the discretion to allow that party time to obtain counsel. See Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 543 (2018); Varney Enters. v. WMF, Inc., 402 Mass. 79, 82-83 (1988); Braxton v. Boston, 96 Mass. App. Ct. 714, 719 (2019). Although it appears that the defendant corporation obtained counsel but that counsel never formally adopted the answer, it also appears from the plaintiff's motions for default that he never advanced the theory that this was necessary before the District Court, thus triggering an order requiring counsel to adopt the answer. The plaintiff has not provided enough information for us to determine whether any of the judge's rulings were incorrect. Without an adequate record, the Appellate Division properly dismissed the appeal. See Viano, 2003 Mass. App. Div. at 141;

<u>Koch Poultry Co</u>. v. <u>Ottman Custom Processors, Inc</u>., 1996 Mass. App. Div. 124, 125.

<u>Decision and order of Appellate Division affirmed</u>.

By the Court (Ditkoff, D'Angelo & Wood, JJ.[2]),

*Paul Little*

Clerk

Entered:  November 18, 2025.

---

[2] The panelists are listed in order of seniority.